HUTTO *v.* JORDAN.

In Banc. Sept. 27, 1948.

(36 So. (2d) 809)

Mize, Thompson & Mize, for appellant.

34

Gardner & Gardner, for appellee.

**Smith, J.**

This case was originated by a replevin action in the County Court of Harrison County, involving the possession of an automobile sold to appellee, with title retained by the contract of sale, which contract was assigned to appellant by the seller.

Proper affidavit was made, and declaration filed. Defendant, appellee, filed a plea of the general issue and a "counter claim," by which latter he sought to have the car returned to him on the theory that the total interest contracted to be paid "was $85.28 which interest is far in excess of 20% per annum. Therefore the contract was null and void," and that the plaintiff could collect neither the

principal nor interest thereon or assert any other rights thereunder.

The declaration alleged that the sale was for a total time price of $383.00, of which $94.00 was paid in cash "leaving a balance of Two Hundred Eighty Nine ($289.00) Dollars, and the balance was due and payable with interest and carrying charges in twelve (12) successive monthly installments; each installment being in the amount of Thirty-one and 19/100 ($31.19) Dollars."

In this state of the record, the parties, at the instance of appellee, agreed in writing to submit the matter to arbitration, which agreement contained a provision that, after the arbitrator had heard the matter, "the Court having jurisdiction of the subject matter, i.e., the County Court of Harrison County, Mississippi, shall render judgment on the award."

Appellant contended that the price of the car was on a credit basis, and it was legitimate to charge more on a time sale than for cash, as declared by this Court in Yeager et al. v. Ainsworth et al., Miss., 32 So. (2d) 548.

Appellee maintained the contract was usurious, and unenforceable by the authority of such cases as Dickey v. Bank of Clarksdale, 183 Miss. 748, 184 So. 314.

It was agreed by the parties that the arbitrator would hear the cause solely "on pleadings and exhibits to determine whether the Contract of Sale, upon which the suit was based, was usurious." After such hearing, and consideration of the briefs of counsel for the respective litigants, the arbitrator found that "there was a time price and a cash price, and that the said contract was not usurious" and awarded the car to appellant.

Appellant moved the County Court to confirm this award, which was, in effect, a motion for judgment thereon and in accordance therewith. The appellee made a motion to correct the award on the grounds that there was an evident miscalculation of interest; a mistake in the description of the cash and time price, on the face of the record; and that the rate of interest in the contract

was in excess of 20%, thereby forfeiting all rights of plaintiff. The motion of appellee was sustained by the Court and judgment entered for appellee. On appeal to the Circuit Court, the judgment of the County Court was affirmed.

On appeal here, among the errors assigned are, the setting aside of the award of the arbitrator; and the entry of final judgment for appellee.

It is not proper or necessary for us to decide whether or not there was usury as a matter of fact, or an error of law, in the award by the arbitrator in this case. ██ ██ The only grounds for setting an arbitration award aside, or of modifying it, are prescribed by statute. These grounds are—for vacating it—that it was procured by fraud, corruption or undue means; that there was evident partiality or corruption; that there was misconduct by the arbitrators in refusing to postpone the hearing on sufficient cause; or in refusing to hear pertinent or material evidence; or other misbehavior by which the rights of a party have been prejudiced. Section 290, Code 1942.

As to modifying it, there must be an evident miscalculation of figures; or an evident mistake in the description of any person, thing, or property referred to in the award; an award upon a matter not submitted, or not affecting the matter submitted; imperfection in some matter of form not affecting the merits of the controversy, and when, if it had been a verdict of a jury rendered in such court, the defect could have been amended or disregarded by the court. Section 291, Code 1942.

Both appellant and appellee based their arguments before us on the finality vel non of the arbitrator's award, in our jurisprudence. We are of the opinion it was final.

Appellee cites the early Mississippi case of Robertson v. Wells, 28 Miss. 90, to sustain his position on the issue of finality. In that case, the arbitrators, in computing time, made a mistake and awarded too much to the prevailing party, an error of computation or calculation. The award was set aside, under the statute, then sub-

stantially the same as now. However, in the case at bar, there was no miscalculation or erroneous computation.

The declaration here states that the deferred notes include interest and carrying charges. Conceding for the sake of the point, but not deciding, that the 12 notes for $31.19 total an amount in excess of the balance of the original price, and this excess is "interest and carrying charges," and usurious, contrary to the conclusion of the arbitrator, the courts of this State, neither by our statutes nor decisions, have been given or claim power to set aside the award of an arbitrator on grounds of error of law. The Robertson case, supra, on the contrary, was on a ground named specifically in the statute. So, it is not in point here.

There is no sustainable contention in the record that any of the statutory grounds, for vacating or modifying the award, exist. The assignment thereof in the motion of appellee in the County Court, sets out fully his reasons for claiming modification of the award. His contention that "there is an evident mistake in the description of the cash price and the time price recited in the award as shown on the face of the record herein," is not borne out by the facts. The 12 notes of $31.19 represent the balance of the original time price, to which has been added interest and carrying charges. There was no miscalculation or misdescription demonstrated. The mere fact, as already stated, that 12 times $31.19 amounts to more than the unpaid balance of the time price does not prove misdescription or miscalculation, as such difference is explained by the phrase, "including interest and carrying charges." If, in law, this excess should be conceded to be usury, that affords the court no power to set aside an award of the arbitrator, holding it not to be usurious. We find nothing in the record to justify our setting aside or modifying the award, under either of the statutes, supra.

The applicable general rule is announced as follows: "Errors of law or fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are in-

sufficient to invalidate an award fairly and honestly made. Nothing in the award relative to the merits of the controversy as submitted, however wrongly decided, is ground for setting aside an award in the absence of fraud, misconduct, or other valid objections.'' 3 Am. Jur., Section 135, Award and Arbitration. The ''other valid objections'' in this State are defined in our statutes, and none are present in the case before us. Moreover, Section 147, of the same treatise, further declaring the general rule, says that ''Unless the arbitrators are restricted by the agreement of submission, the general rule is that they are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either.'' There was no such restriction in the agreement of submission in the case before us.

Such is the law in Mississippi. In dealing with this topic, we have said that ''the rights of the parties are narrower than in judicial trials, for there is no review or correction of errors of the judgment, either upon the law or facts, nor indeed would the arbitrators be absolutely barred by the strict law of the case. They might proceed altogether on views of what was right and just between the parties without following either the rules that would govern a court of law or equity in the circumstances. It is not legitimate, therefore in exceptions to the award, to inquire into the original merits in favor of one party or the other, or to show that in the evidence the award ought to have been different, or that the law of the case was misconceived or misapplied, or that the decision, in view of .all facts and circumstances, was unjust.'' Jenkins v. Meagher et al., 46 Miss. 84.

 In the case before us, the matter of usury was the issue, involving a mixed question of fact and of law, on the submission to the arbitrator. This Court has heretofore dealt with such a situation. ''Questions of pure law are sometimes directly submitted, as we think was done in this case in reference to the construction of the contract. In such cases, it makes no difference whether

or not the arbitrators decide them as the Court would see fit to do. The award, whether it meets the view of the Court or not, is final and conclusive. The agreement of the parties is, substantially, that they will be bound by whatever the arbitrators declare to be the law between them, and by this agreement they are bound. Morse on Arbitration and Award, 314 and 315. As matters of fact are peculiarly within the arbitrators' authority, less hesitation has been manifested in treating as conclusive the finding of arbitrators upon facts, than their rulings upon the principles of law.'' Memphis & Charleston R. Co. v. Scruggs, 50 Miss. 284.

Finally, we have held that ▋▋ an agreement to submit the controversy to arbitration has the legal effect to ''make a compromise settlement of the matters in dispute, including the matters in this suit; and the effect of this agreement was to merge the original causes of action and defenses into the written award and make that the exclusive source of rights and liabilities of the parties.'' Yarbro v. Purser, 114 Miss. 75, 74 So. 425, 427.

▋▋ Articles of agreement to arbitrate, and awards thereon are to be liberally construed so as to encourage the settlement of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings. Furthermore, where parties regularly agreed to arbitrate their differences, and suit was filed on the award, the declaration alleging the material facts relating thereto, exhibiting the contract, the arbitration agreement, and the award, it was held to be error to sustain a demurrer to the declaration. Stout v. W. M. Garrard & Co., 128 Miss. 418, 91 So. 33.

In view of the general rule in jurisdictions over the nation, the statutes of this state, and the decisions declaratory and interpretative thereof, as announced by this Court, we are constrained to reverse the judgment of the circuit court, and enter judgment here on the award as made by the arbitrator and in accordance therewith.

The County Court should have entered such judgment, and the Circuit Court should not have affirmed the action of the County Court to the contrary.

Reversed and judgment for appellant.