524 So.2d 974 (1988)
Charles F. CRAIG
v.
The Honorable Charles T. BARBER, Circuit Judge, First Judicial District of Hinds County, Mississippi.
Misc. No. 2071.
Supreme Court of Mississippi.
April 27, 1988.
P.N. Harkins, III, John L. Low, IV, Watkins & Eager, Jackson, for petitioner.
Calvin L. Wells, Frank T. Moore, Jr., Wells, Moore, Simmons & Stubblefield, Jackson, for respondent.
Before ROBERTSON, SULLIVAN and GRIFFIN, JJ.
*975 ROBERTSON, Justice, for the court:

I.
This is an arbitration case before us interloctorily via the arbitrator's application for a writ of prohibition. Pursuant to a standard arbitration clause of a home renovation and additions contract, the contractor demanded arbitration of his claim for more money due to change orders. Owners submitted to arbitration and counterclaimed for their own award. In due course the arbitrator awarded owners some $48,000.00.
In the confirmation litigation that has followed, the quite miffed contractor seeks to undermine the very process he originally insisted upon. The Circuit Court did likewise as it ordered the arbitrator to clarify and explain the basis of his award. Arbitrator seeks relief from that order which for the reasons set forth below we grant.

II.
On December 1, 1983, Carl and Nancy Herrin (Owners/Herrins) entered into a written construction contract with Milton M. Stewart, Inc. (Contractor/Stewart). Under that contract Stewart was to undertake certain renovations, repairs and additions to the Herrins' home.
Central to today's controversy is Paragraph 21 of the contract which reads:
21. All claims or disputes between the contractor [Stewart] and the owner [the Herrins] arising out of, or relating to, the contract documents or the breach thereof shall be decided by arbitration in accordance with the construction industry arbitration rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.
Such pre-controversy agreements are enforceable in this state. Miss. Code Ann. § 11-15-103 (Supp. 1987).
In the course of the work, a dispute arose. On December 17, 1984, Stewart filed with the American Arbitration Association a demand for arbitration. Stewart demanded $36,937.73 in additional compensation resulting from change orders. The Herrins disputed all but $9,506.40 of the change orders and counterclaimed for $56,049.04.
Pursuant to agreement of the parties, the AAA on January 16, 1985, formally appointed Charles F. Craig, a Jackson, Mississippi, architect, as arbitrator.[1] Craig presided over a five day hearing and on May 15, 1985, entered a written award that Stewart pay to the Herrins the sum of $48,813.00; that Stewart's claims be denied; and that administrative fees and expenses be borne equally between the parties. See Miss. Code Ann. §§ 11-15-119 and -121 (Supp. 1987).
On July 12, 1985, the Herrins sought confirmation of the award by filing their complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi. See Miss. Code Ann. § 11-15-125 (Supp. 1987). Stewart is defending on grounds of the "evident partiality" of arbitrator Craig. See Miss. Code Ann. § 11-15-133(1)(b) (Supp. 1987). In pursuing that defense, Stewart sought to take the deposition of Arbitrator Craig. In lieu thereof, the Circuit Court ordered that Craig "explain and clarify" the basis of his award.[2] That order is the object of the parties' dispute this day.
Arbitration awards are made in writing, but, absent contractual agreement *976 to the contrary, arbitrators have no legal obligation that the bases or reasons for the award be given. See Miss. Code Ann. § 11-15-119 (Supp. 1987); Rule 42, Construction Industry Arbitration Rules of the American Arbitration Association. The AAA's Guide for Commercial Arbitrators provides
NO WRITTEN OPINION REQUIRED
Commercial arbitrators are not required to explain the reasons for their decisions. As a general rule, the award consists of a brief direction to the parties on a single sheet of paper. One reason for brevity is that written opinions might open avenues for attack on the award by the losing party.
The case of Horne v. State Building Commission, 222 Miss. 520, 76 So.2d 356 (1954) is instructive. The disappointed party argued the arbitrator's award should not be enforced because it failed to address specifically each of the issues submitted to arbitration. This Court disposed of that contention:
Unless the statute or the articles of submission to arbitration require separate findings on each matter considered, it is not necessary for the award to enumerate each matter considered or to make special findings of fact or law."
222 Miss. at 528, 76 So.2d at 358.
Here arbitration was had under the rules of the American Arbitration Association. Those rules do not require separate findings on each matter. And had the arbitration been conducted under the Mississippi statute alone, the result would have been the same. Mississippi law does not require separate or detailed findings by the arbitrator.
All of this is consistent with the general rule that, absent a provision to the contrary in an applicable statute or in an agreement of the parties to an arbitration contract, the validity of an arbitration award is unaffected by the absence therefrom of a statement of the arbitrator's findings of fact and conclusions of law. See Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1215 (2d Cir.1972); Hale v. Friedman, 281 F.2d 635, 636-37 (D.C. Cir.1960). And the same of absence of explanation or clarification.
Notwithstanding these familiar premises, the Circuit Court on January 10, 1986, ordered that arbitrator Craig
more fully explain and clarify the basis of his award made in the arbitration proceedings between the parties in this case and to that extent, to more fully develop, expand and supplement the findings of fact filed in this case by January 17, 1986.
Craig moved for reconsideration of this order, but on February 3, 1986, the Circuit Court denied that motion and held further proceedings in this matter in abeyance pending application for relief in this Court.

III.
Petitioner/Arbitrator Craig applies here for the extraordinary writ of prohibition and/or mandamus.[3]See Miss. Code Ann. §§ 9-3-33 and 11-41-1, et seq. (1972). We convert and treat his application as one for an interlocutory appeal. See generally, Mississippi Publishers Corporation v. Coleman, 515 So.2d 1163 (Miss. 1987); American Tobacco Co. v. Evans, 508 So.2d 1057, 1059 (Miss. 1987); State v. Caldwell, 492 So.2d 575, 576-77 (Miss. 1986); Kilgore v. Barnes, 490 So.2d 895, 896 (Miss. 1986); In Re Brown, 478 So.2d 1033 (Miss. 1985).
In substance, Petitioner Craig seeks relief from the order requiring that he file additional findings of fact and conclusions of law and a directive that the Circuit Court proceed with this civil action without requiring that he give further reasons and bases for the arbitration award.
These matters go to the very heart of the arbitration process. When they agree to arbitration the parties contract for an award without a formal, reasoned opinion, and, more specifically, without findings *977 of fact or conclusions of law. Absent contractual agreement to the contrary  and no such agreement was made here  the parties waive any right to an explanation or clarification.
If Craig complies with the January 10, 1986, order and on appeal at the end of the case we reverse, there is no way the status quo may be restored. Arbitrator Craig will have been required to do that which he was under no obligation to do, and Stewart will have obtained from Craig something Stewart had no legal right to demand. Beyond these points we regard it important that this Court reiterate once and for all that we respect and enforce the arbitration process. Suffice it to say that we find the case appropriate for consideration pursuant to the extraordinary writs.
Stewart argues that Craig is without standing in the premises. We disagree. He was made subject to the authority of the Circuit Court in Stewart v. Herrin pursuant to a subpoena duces tecum. Thereafter, the Circuit Court ordered Craig to "clarify and explain" the basis of the arbitration award. That order challenges at its core one of the ground rules under which AAA appointed arbitrators such as Craig operate. As the party most directly affected by the order in controversy, Craig has standing to prosecute this matter.

IV.
This state as a matter of public policy has long allowed parties to arbitrate their differences and to give effect to an arbitration award. Scottish Union & National Ins. Co. v. Skaggs, 114 Miss. 618, 626, 75 So. 437, 438 (1917). That policy has even greater force in our present era of overcrowded judicial dockets. If there be any type of arbitration award we should be loathe to disturb, it should be that between private contracting parties respecting a matter of interest only to themselves and their respective pocket books.
Accordingly, our law recognizes that parties to a construction agreement, as a matter of the right to contract, may in advance bind themselves to compulsory arbitration of disputes that arise between them. Whatever controversy may once have existed regarding this motion has been laid to rest by the 1981 enactment of our new Construction Arbitration Act. See Miss. Code Ann. §§ 11-15-101, et seq. (Supp. 1987).
Of course, contractual provisions for compulsory arbitration have been enforced in this state for many years. Prior to the 1981 enactment, we decided the important case of Hutto v. Jordan, 204 Miss. 30, 36 So.2d 809 (1948) and there recognized that the scope of judicial review of arbitration awards was quite narrow. In Hutto this Court stated:
Articles of agreement to arbitrate, and awards thereon are to be liberally construed so as to encourage the settlement of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings.
204 Miss. at 42, 36 So.2d at 812. See also Horne v. State Building Commission, 222 Miss. 520, 527, 76 So.2d 356, 358 (1954). In discussing the authority of the arbitrator, Hutto held:
They might proceed altogether on views of what was right and just between the parties without following either the rules that would govern a court of law or equity in the circumstances. It is not legitimate, therefore, in exceptions to the award, to inquire into the original merits in favor of one party or the other, or to show that in the evidence the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust.
204 Miss. at 41, 36 So.2d at 811; Jenkins v. Meagher, 46 Miss. 84, 93-94 (1871).
Stewart's assertion before the Circuit Court is reminiscent of the appeals we hear so often when a party challenges the evidentiary basis for a trial court's ruling. Our limited scope of review of such matters echoes our century old limitation upon judicial review of an arbitration award, announced originally in Jenkins in 1871 and reaffirmed in Hutto. If anything the scope of judicial review of arbitration awards is much narrower.
*978 The spirit of Hutto has been carried forward into our present law where we find it provided by statute, Miss. Code Ann. § 11-15-133 (Supp. 1987), that:
The fact that the relief was such that it could not or would not be granted by a court of law or equity is no ground for vacating or refusing to confirm the award.
To the contrary, the only bases in our law for refusal to enforce an arbitration award are:
(a) The award was procured by corruption, fraud or other undue means;
(b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of the parties.
Miss. Code Ann. § 11-15-133(1) (Supp. 1987).
The reason why the Circuit Court erred is that it viewed "evident partiality" as a matter which might be informed by the bases of the arbitrator's decision. Yet the same section, Section 11-15-133, which authorizes inquiry into "evident partiality" precludes consideration of whether the relief granted by the arbitrator is such that it could have been granted by a court of law or equity.
Evident partiality of an arbitrator as a defense to an award is analogous to attacks upon a judge on grounds of partiality. A request that a judge recuse himself is based upon an inquiry into whether he has sufficient connections with parties or preconceived opinions regarding a case that he could not fulfill the role of judge in deciding it. See Cantrell v. State, 507 So.2d 325, 328 (Miss. 1987); Canon 3C(1), Code of Judicial Conduct. When such a matter is appealed, we do not on review inquire regarding the legal and factual bases for the trial court's decision on the merits. Rather, we review what was before the trial court on the motion to recuse. By analogy the same principle applies here.
Evident partiality has objective and subjective components. It contemplates an objective view of an arbitrator's state of mind, that which would sway the judgment and be reasonably likely to render him unable to proceed impartially in a particular case. The statutory language also refers to a subjective mental attitude, a preconceived opinion or a predisposition toward a party to the arbitration.[4]See Rodman, Commercial Arbitration § 25.32 (1984); Domke on Commercial Arbitration § 33.02 (Rev.Ed. 1984); Rothstein, Vacation Of Awards For Fraud, Bias, Misconduct and Partiality, 10 Vand.L.Rev. 813, 821-22 (1957).
Of relevance further is our general rule that the testimony of an arbitrator is incompetent to impeach his award. Mississippi Cotton Oil Co. v. Buster, 84 Miss. 91, 97, 36 So. 146, 147 (1904); cf. Rule 606(b), Miss.R.Ev. To be sure, the Circuit Court denied Stewart's claim of a right to depose Arbitrator Craig. Yet the order to "explain and clarify" accomplishes indirectly that which could not be done directly.
The writ of prohibition is granted. The Circuit Court shall take no action by way of enforcement of its Orders of January 10, 1986, and February 3, 1986. This matter is restored to the active docket of the Circuit Court for further proceedings consistent with this opinion.
WRIT OF PROHIBITION GRANTED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] For emphasis, the record reflects that Contractor Stewart who made the demand for arbitration agreed that Craig would be the single arbitrator. We are not concerned with an arbitrator imposed upon Stewart without his acquiescence, although in law nothing turns on the point.
[2] Preliminarily, on November 1, 1985, the Circuit Court entered an order quashing the deposition subpoena served upon Arbitrator Craig but ordering that he prepare

Findings of Fact setting forth therein all the facts on which he based his Arbitration Award dated May 13, 1985.
Although Craig could then have raised the points he now presents, he chose instead to comply with the order. On May 15, 1985, Craig filed with the Court a two and a half page document entitled Findings of Fact. Following this filing the Circuit Court entered the "explain and clarify" order which is the subject of today's application.
[3] This case was docketed well prior to the advent of the new Rules of the Supreme Court of Mississippi, effective January 1, 1988. Nothing said here should be taken as an authoritative construction of new Rule 5 (interlocutory appeals) or new Rule 21 (extraordinary writs).
[4] We find illumination in a brief perusal of the cases discussed in Annotation, Setting Aside Arbitration Award On Ground Of Interest Or Bias Of Arbitrators, 56 A.L.R.3d 697, 727-67 (1974 and Supp. 1987). The cases are broken down by categories of partiality: business or social relations between arbitrator and party, arbitrator's communication with party, arbitrator acting as advocate, financial interest of arbitrator in outcome, arbitrator's expression of opinion before award, and arbitrator's family relationship with party. We find no category such as that suggested here: insufficiency of evidentiary basis to justify award.