558 So.2d 863 (1990)
Mr. and Mrs. Carl HERRIN
v.
MILTON M. STEWART, INC.
No. 89-IA-0269.
Supreme Court of Mississippi.
March 14, 1990.
Robert W. King, King & Spencer, Jackson, for appellant.
Frank T. Moore, Jr., Calvin L. Wells, Wells Moore Simmons Firm, Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
This is an arbitration case before us for the second time interlocutorily. The first interlocutory appeal resulted in the case of Craig v. Barber, 524 So.2d 974, 978 (Miss. 1988), and the facts of this case are correctly *864 laid out in that opinion. Pursuant to a standard arbitration clause of a home renovation and additions contract, the contractor demanded arbitration of his claim for more money due to change orders. Id. at 975. Owners submitted to arbitration and counterclaimed for their own award. Id. In due course, the arbitrator awarded owners some $48,000.00. Id. The contractor declined to pay.
Owners instituted an action in circuit court to confirm the award of the arbitrator. The contractor counterclaimed for more money. The circuit court then ordered the arbitrator to explain the basis of his award. Id. The arbitrator applied to this Court on Application for a Writ of Prohibition. Id. This Court held that the arbitrator was not required to explain or clarify the basis of his award. Id. at 976-77. The case was then restored to the active docket of the circuit court for further proceedings consistent with the Craig opinion. Id. at 978.
Upon remand, the trial Court overruled both the owners' motion to dismiss the counterclaim and their motion for judgment on the pleadings and ordered this cause to proceed on a factual hearing on the various aspects of the Contractor's counterclaim. Before proceeding, however, upon request of Owners, the trial court certified this cause to this Court for Interlocutory Appeal, which was granted by this Court. The following issues are addressed on this appeal:
1. Is the final decision of the arbitrator subject to appeal when arbitration was by agreement of the parties and there is no claim of bias or prejudice, except as reflected in the amount of the award?
2. Is the appellee entitled to a re-trial in Circuit Court based upon its Counter-Claim, because of dissatisfaction with the award of the arbitrator?
3. Did the Circuit Court err in overruling appellant's Motion to Dismiss the Counter-Claim and the appellant's Motion for Judgment on the Pleadings?
In addressing the issues presented in this appeal, Miss. Code Ann. § 11-15-133 must be examined. It provides:
(1) Upon application of a party, the court shall vacate an award where:
(a) The award was procured by corruption, fraud or other undue means;
(b) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party.
The fact that the relief was such that it could not or would not be granted by a court of law or equity is no ground for vacating or refusing to confirm the award... .
The question of whether there was a right to appeal from the decision of the arbitrator was not in issue in the first interlocutory appeal, Craig, 524 So.2d at 974. This court held in Craig that the trial court had improperly ordered the arbitrator to explain and clarify his arbitration award in response to the claim that the arbitrator exhibited evident partiality. Id. at 978. This Court also held that the arbitrator in Craig had standing to challenge such order of the trial court. Id.
The Court explained that arbitration awards were made in writing, but absent contractual agreement to the contrary, arbitrators have no legal obligation to give the basis or reasons for the award. Id. at 976-77. When parties agree in arbitration, they contract for an award without a formal, reasoned, opinion and without findings of fact or conclusions of law, and absent contractual agreement to the contrary, parties waive any right to explanation or clarification of arbitrator's decision. Id. The parties to a construction agreement, as a matter of right to contract, may in advance bind themselves to compulsory arbitration of disputes that arise between them. Id.
The Court in Craig stated that it had recognized in Hutto v. Jordan, 204 Miss. 30, 36 So.2d 809 (1948), that the scope of judicial review of arbitration awards was quite narrow. Craig, 524 So.2d at 977. In Hutto, 204 Miss. at 42, 36 So.2d 809, this Court stated:
Articles of agreement to arbitrate, and awards thereon are to be liberally construed so as to encourage the settlement *865 of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings.
Craig, 524 So.2d at 977. In discussing the authority of the arbitrator, Hutto held an arbitrator could proceed on the views of what was right and just between the parties without following either the rules that would govern a court of law or equity in the circumstances. Craig, 524 So.2d at 977 (quoting Hutto, 204 Miss. at 41, 36 So.2d 809). It is not legitimate, in exceptions to an award, to inquire into the original merits in favor of one party or the other, or to show that in evidence the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust. Id.
Hence, the scope of judicial review is much narrower than in cases where a party challenges the evidentiary basis for a trial court's decision. Id. § 11-15-133, which authorizes an inquiry into "evident partiality," precludes consideration of whether the relief granted by the arbitrator is such that it could have been granted by a court of law or equity. Craig, 524 So.2d at 977. Evident partiality of an arbitrator as a defense of an award is analogous to attacks upon a judge on the grounds of partiality. Id. A request that a judge recuse himself is based upon an inquiry into whether the judge had sufficient connections with parties or preconceived opinions regarding a case that he could not fulfill the role of judge in deciding it. Id. (citing Cantrell v. State, 507 So.2d 325, 328 (Miss. 1987); Canon 3 C(1), Code of Judicial Conduct).
When such matter is appealed, this Court reviews what was before the trial court on the motion to recuse. Id. On appeal, evident partiality may not be shown by an inquiry into the merits. Moreover, the mere appearance of bias that might disqualify a judge will not disqualify an arbitrator. Tinaway v. Merrill Lynch and Co., Inc., 692 F. Supp. 220, 224 (S.D.N.Y. 1988) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 173-74 (2d Cir.1984).
To vacate an award on the grounds of "evident partiality," a reviewing court must find some personal interest on the part of the arbitrator. Personal bias of an arbitrator can not be shown by means other than pecuniary interest or some other actual relationship between the parties. Tinaway, 692 F. Supp. at 224. Moreover, an arbitrator's general interest in his or her industry is insufficient grounds for vacating an award. Id. Alternatively the partiality "must be direct, definite and capable of demonstration rather than remote, uncertain, or speculative." Id. at 224-25.
The contractor has a narrow right to vacate as provided by § 11-15-133[1]. Hence, the appellants Rule 12(b)(6) motion to dismiss and Rule 12(c) motion for judgment on the pleadings were both properly denied. The standards required to grant these motions were not met since it did not appear to a certainty that appellee was entitled to no relief under any set of facts. Busching v. Griffin, 465 So.2d 1037, 1039 (Miss. 1985).
The contractor's counterclaim to vacate the award of the arbitrator on the basis of evident partiality should be allowed to proceed to a hearing. However, evident partiality may only be shown in a limited manner as explained in this opinion.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
PITTMAN, J., dissents without written opinion.
NOTES
[1] If the award is vacated on remand on the ground of evident partiality, the parties are back at square one with respect to the proper adjudication of this dispute.