ISHEE, J.,
for the Court:
¶ 1. On November 7, 2007, Philvester and Joyce Williams received an arbitration award of $12,500 against America’s Home Place, Inc. (AHP), which had been hired to construct the Williamses’ residence in 2002. The Williamses claimed the award was the result of the arbitrator’s “evident partiality” against them. Subsequently, the County Court of Hinds County granted the Williamses’ motion to vacate the award on January 17, 2008. On appeal to the Hinds County Circuit Court, First Judicial District, the circuit court reversed the county court’s judgment and entered a judgment confirming the arbitrator’s award. Aggrieved, the Williamses appeal. Finding no error, we affirm the circuit court’s revérsal of the county court’s judgment and confirmation of the award.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In 2002, the Williamses entered into a contractual agreement with AHP to construct the Williamses’ residence. After construction of the home was near completion, the Williamses claimed that AHP had failed to build the home properly. In June 2005, the Williamses filed suit against AHP in county court alleging approximately $125,000 in damage to the house. The suit was subsequently dismissed with prejudice due to enforcement of a binding arbitration agreement contained in the parties’ contract.
¶ 3. Subsequently, the county court entered orders in September 2005 and May 2006, requiring the parties to submit to arbitration. A hearing was conducted in the Williamses’ home before an arbitrator in May 2007, wherein the Williamses requested damages stemming from the following: the cost of repair and replacement of items per the home inspection report, the cost of replacement of the wastewater-treatment system, and damages caused by a lack of soil treatment. Conversely, AHP asserted that many of fhe Williamses’ claims dealt with the quality of materials provided, all of which were subject to the construction agreement, which both parties read and signed. AHP further alleged that the issues relating to the wastewater-treatment system were due to lack of proper maintenance and that all of the Williamses’ repair estimates were excessive. AHP claimed that it was responsible for approximately $6,000 in repair damages.
*676 ¶ 4. After reviewing the evidence, the arbitrator concluded that: the quality of the windows installed and soil treatment were consistent with the construction agreement; the wastewater-treatment system was inadequate as installed; and an award of $12,500 was adequate to cover the cost of repairs. Shortly after receiving the arbitrator’s analysis and award, the Williamses filed a motion in the county court to vacate the award on the basis that the arbitrator was partial -to AHP; therefore, the award was unjust. The county court held a hearing on the matter, and notwithstanding a lack of evidence or testimony, the county judge issued an order simply stating that: “the award should be set aside.” The county judge further announced that the case should be set for trial, despite the case’s prior dismissal with prejudice and previous orders requiring arbitration.
¶ 5. AHP then filed in the county court a motion to reconsider, confirm the award or amend or correct the award, or refer the case back to arbitration. . Simultaneously, AHP filed two petitions for interlocutory appeal with, the Mississippi Supreme Court and the circuit court. The supreme court denied the petition, and the circuit court failed to respond. Meanwhile, the county court denied AHP’s motion, and AHP subsequently filed an appeal in the circuit court.
¶ 6. On March 30, 2009, the circuit court reversed the county court’s vacation of the award and entered a judgment confirming the arbitrator’s award. Following the denial of their motion to reconsider, the Williamses timely filed this appeal.
STANDARD OF REVIEW
¶ 7. The scope of review in arbitration cases is extremely limited. - As stated by the Mississippi Supreme Court: “The scope of judicial review of an arbitration award is quite narrow, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings.” Craig v. Barber, 524 So.2d 974, 977 (Miss.1988) (quoting Hutto v. Jordan, 204 Miss. 30, 41, 36 So.2d 809, 811 (1948)). Furthermore, this Court will not “disturb [the findings of a circuit judge sitting without a jury] unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Wilson v. Greyhound Bus Lines, Inc., 830 So.2d 1151, 1155 (¶ 9) (Miss.2002) (internal quotations omitted).
DISCUSSION
¶ 8. Mississippi Code Annotated section 11-15-133(1) (Rev.2004) controls the vacation of arbitration awards. As summarized by the Mississippi Supreme Court:
[T]he only bases in our law for refusal to enforce an arbitration award are: (a) the award was procured by corruption, fraud or other undue means; (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of the parties.
Barber, 524 So.2d at 978 (quoting Miss. Code Ann. § 11-15-133(1) (Supp.1987)).
¶ 9. In this case, no evidence or testimony was presented to the county court; therefore, the allegation of the arbitrator’s “evident partiality” was left unsupported. In order to show “evident partiality” sufficient .to vacate an arbitration award, a reviewing court must find a personal interest on the part of the arbitrator. Herrin v. Milton M. Stewart, Inc., 558 So.2d 863, 865 (Miss.1990). An arbitrator’s personal interest may not be shown by any means “other than pecuniary interest or some other actual relationship between the parties.” Id. (citation omitted). Furthermore, the partiality “must be di *677 rect, definite and capable of demonstration rather than remote, uncertain, or speculative.” Id.
¶ 10. The county court’s order vacating the arbitrator’s award made no mention of any reasoning behind the decision, nor did it glean support for the theory that the arbitrator was “evidently partial.” Instead, the county court gave a vague, general statement that the award should be set aside. On appeal, the circuit court noted that: “[t]he [county court’s] [o]rder [vjacating the [a]ward makes no findings Of fact and states no reason for vacation .... [t]his court finds no evidence of evident partiality on the part of [the] Arbitrator....”
¶ 11. As a matter of public policy, Mississippi courts have consistently allowed parties to arbitrate their differences and have given effect to arbitration awards. Barber, 524 So.2d at 977 (citing Scottish Union & Nat’l Ins. Co. v. Skaggs, 114 Miss. 618, 626, 75 So. 437, 438 (1917)). Such a policy “has even greater force in our present era of overcrowded judicial dockets. If there be any type of arbitration award we should be loath to disturb, it should be that between private contracting parties respecting ... themselves and their respective pocket books.” Id. In the case at hand, the circuit court was proper in reversing the county court’s vacation of the arbitration award and entering an order confirming the arbitrator’s award. We find the Williamses’ claims to be meritless.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.