JAMES, J„
for the Court:
¶ 1. This appeal follows an order from the Circuit Court of Harrison County, affirming the arbitration award of $115,166.57 in favor of Better Quality Builders LLC (Better Quality). Tri County Contractors Inc. (Tri County) challenges the order, alleging the circuit court erred by denying its motion to vacate the award. Finding no error, we affirm the order of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 15, 2009, Tri County and Better Quality entered into a construction contract. The agreement provided that Better Quality would perform rehabilitative construction on a project located in Gulfport, Mississippi. The original contract amount was $167,900. Although the contract required that any modification to the agreement be in writing, both parties orally agreed to a $5,000 increase, bringing the contract amount to $172,900. Shortly thereafter, Tri County proposed a second modification, in writing, which added $7,000 for materials and equipment and $11,600 for labor. Though Better Quality never signed a change order to reflect the proposal, it performed approximately seventy-five percent of the labor portion of the proposed modification, which totaled $8,700.
¶ 3. Nearly two weeks after Better Quality began work, Tri County brought in its own personnel to perform construction on a portion of the project. Tri County then *1287 ordered Better Quality to perform work that was outside the scope of the contract. After Better Quality refused to perform the work, Tri County ordered Better Quality to cease work and leave the project. The contract, which was drafted by Tri County, contained an alternative-dispute-resolution clause, which required that any dispute between the parties be initially submitted to mediation, and then to arbitration if mediation was unsuccessful.
¶ 4. On November 12, 2009, Better Quality submitted its first request for mediation and demand for arbitration on the grounds that Tri County had breached the contract by unlawfully removing Better Quality from the project and .refusing to pay for the work completed. Mediation was held on January 8, 2010. The parties were unsuccessful in resolving the dispute. Under a provision in parties’ contract, all fees and expenses for arbitration were to be split equally between the parties.[1] In spite of the contractual agreement, Tri County refused to contribute to any portion of the arbitration fees. As a result, arbitration proceedings were suspended until all fees were paid in full. On February 28, 2011, after advancing all costs of arbitration, Better Quality filed a motion to compel arbitration. As of the date of the motion, Better Quality had expended $4,750 in arbitration fees and expenses.
¶ 5. On April 20, 2011, Better Quality filed an application for entry of default due to Tri County’s failure to respond. After default was entered by the circuit court clerk, Tri County filed a letter with the circuit court, denying all claims asserted in Better Quality’s motion to compel arbitration. On May 19, 2011, Better Quality filed a motion for a default judgment. A hearing on the motion was held on August 4, 2011, during which the circuit court issued an order to compel arbitration.
¶ 6. Three separate scheduling hearings were held prior to arbitration. Finally, arbitration was scheduled for January 19, 2012. Five days before the date of arbitration, Tri County retained new counsel and requested a continuance.[2] The arbitrator denied the request, and arbitration proceeded as scheduled. On the day of arbitration, Better Quality moved to exclude any documentary evidence sought to be entered by Tri County on the grounds that Tri County had failed to produce any documents during the discovery period or anytime prior to arbitration.' The arbitrator granted the motion. After hearing testimony from both parties, the arbitrator found that Tri County had breached its contract with Better Quality, and awarded Better Quality a sum of $115,166.57. The award amount included compensation for the work completed by Better Quality under the contract, lost profits suffered by Better Quality as a result of Tri County’s breach, attorney’s fees incurred by Better Quality due to Tri County’s substantial *1288 delay throughout the arbitration proceedings, and reimbursement from Tri County for one-half of the costs of arbitration.
¶ 7. On February 14, 2012, Better Quality filed a motion to confirm and enforce the arbitration award. Tri County subsequently filed a motion to vacate the award. A hearing on both motions was held on March 8, 2012. The circuit court affirmed the arbitration award, finding that Tri County failed to establish specific grounds for vacating the award. The judgment of the circuit court was entered in two separate orders. One order denied Tri County’s motion to vacate the arbitration award, and the other order granted Better Quality’s motion to confirm and enforce the award. From these orders, Tri County now appeals.
STANDARD OF REVIEW
¶ 8. “[T]he scope of judicial review of arbitration awards [is] quite narrow ... and every reasonable presumption will be indulged in favor of the validity of the arbitration proceedings.” Craig v. Barber, 524 So.2d 974, 977 (Miss.1988) (internal quotation marks omitted) (quoting Hutto v. Jordan, 204 Miss. 30, 42, 36 So.2d 809, 812 (1948)). We will not disturb the findings of a circuit judge sitting without a jury unless the findings are manifestly wrong or clearly erroneous, or the judge applied an erroneous legal standard. Wilson v. Greyhound Bus Lines, Inc., 830 So.2d 1151, 1155 (¶ 9) (Miss.2002).
DISCUSSION
¶ 9. Section 11-15-133(1) of the Mississippi Code Annotated (Rev.2004). lists the grounds upon which an arbitration award may be vacated. The Mississippi Supreme Court has long held that:
the only bases in our law for refusal to enforce an arbitration award are: (a) [t]he award was procured by corruption, fraud or other undue means; (b) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of the parties.
Barber, 524 So.2d at 978 (quoting Miss. Code Ann. § 11-15-133(1) (Supp.1987)).
¶ 10. Tri County argues that it was prejudiced by the arbitrator’s refusal to postpone the arbitration hearing after Tri County obtained new counsel. Rule 29 of the Construction Industry Arbitration Rules and Mediation Procedures, which was incorporated into the parties’ contract, provides that the arbitrator may postpone any hearing for good cause shown upon agreement of the parties. Nothing in the rules requires the arbitrator to grant a continuance simply because a party makes a request. In fact, the record shows that even though the arbitrator had determined that sufficient cause for postponement had not been shown, the arbitrator still offered to grant a continuance if both parties agreed. After Better Quality refused to agree to a postponement, the arbitrator denied the request because Tri County had already caused substantial delay in the proceedings.
¶ 11. The order to compel arbitration was issued by the circuit court on August 4, 2011. Arbitration was held on January 19, 2012, which gave Tri County approximately five months to prepare for the hearing. In addition, three separate scheduling hearings were held prior to arbitration due to Tri County’s failure to cooperate throughout the course of the proceedings. Also, arbitration had previously been delayed due to Tri County’s refusal to pay its half of the costs of arbitration. It appears that obtaining new counsel merely five days before arbitration was scheduled was yet another effort by Tri County to further delay the proceedings. Furthermore, the record reflects *1289 that Tri County had a total of four separate attorneys throughout the course of the proceedings.
¶ 12. Tri County also argues that it was prejudiced because it was not allowed to present any documentary evidence during the hearing. Under the arbitration rules incorporated into the contract, the parties were required to submit copies of any exhibits they intended to use at least five days before the hearing. Our review of the record shows that not only did Tri County fail to adhere to the rules by submitting documents for the first time on the day of arbitration, but Tri County had not produced any documents during the discovery period, or at any other time prior to the date of the hearing. Furthermore, Tri County has offered no explanation for its delay in producing the documents, nor has it shown how it was prejudiced by the arbitrator’s exclusion of the evidence. The arbitration rules gave the arbitrator the authority to resolve any disputes concerning the exchange of information between the parties, including the exchange of documentary evidence. Given the circumstances, we find that the arbitrator was well within his authority to exclude the documentary evidence due to Tri County’s failure to present the evidence in a timely manner.
¶ 13. As previously noted, our scope of review of an arbitration award is extremely narrow. We find that Tri County has not established sufficient grounds for vacating the arbitration award under section 11-15-133(1). The circuit court was correct in affirming the arbitration award and in denying Tri County’s motion to vacate. Therefore, we affirm the order of the circuit court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.

. Incorporated into the contract was the Construction Industry Arbitration Rules and Mediation Procedures. Rule 51 of these rules reads:
The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.
(Emphasis added). The record does not reflect any agreement between the parties that is contrary to Rule 51, nor does Tri County allege that any such agreement was made between the parties.

. The record shows that Tri County had a total of four separate attorneys throughout the course of the proceedings.