# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01671-COA

**THE CITY OF HATTIESBURG, MISSISSIPPI**                                    APPELLANT

v.

**PRECISION CONSTRUCTION, LLC**                                             APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES W. GLADDEN JR. |
| ATTORNEYS FOR APPELLEE: | MARK D. HERBERT |
| | SHANNON SMUTZER MCFARLAND |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | MOTION TO AMEND, MODIFY, AND/OR CORRECT ARBITRATOR'S DECISION AND SUPPLEMENTAL DECISION DENIED IN PART AND GRANTED IN PART; MOTION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT GRANTED FOR $856,666.46, INCLUDING $7,032.74 FOR ARBITRATION FEES AND INTEREST AT EIGHT PERCENT PER ANNUM FROM DATE OF JUDGMENT UNTIL PAID |
| DISPOSITION: | AFFIRMED - 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    The City of Hattiesburg and Precision Construction LLC entered into a construction contract for the replacement of water and sewage lines.  Precision began work, but problems arose that delayed the project and caused Precision to incur additional expenses.  Precision

submitted change orders based on these issues, but the City refused payment. Precision then demanded arbitration pursuant to the parties' contract.

¶2. The case eventually proceeded to a two-day arbitration hearing that, by the parties' agreement, was not transcribed or otherwise recorded. After the hearing, the arbitrator awarded Precision $848,949.55 for the City's breach of contract and stated that he would also award attorneys' fees. The arbitrator subsequently entered a supplemental award of attorneys' fees. The City then filed a motion for reconsideration, which the arbitrator denied—in part because he deemed it untimely under Mississippi Code Annotated section 11-15-123 (Rev. 2004). The City returned to circuit court and filed a motion to modify the arbitration award pursuant to Mississippi Code Annotated section 11-15-135 (Rev. 2004). The circuit court denied this motion, concluding that there was no evident miscalculation in the arbitrator's award other than one miscalculation that Precision acknowledged. In the same order, the circuit court granted Precision's motion to confirm the award.

¶3. On appeal, the City argues that the arbitrator erred by denying its motion for reconsideration. The City also claims that the arbitration award in favor of Precision is based in part on evident miscalculations by the arbitrator. However, the City's first argument is waived because it was not raised in the circuit court. In addition, the record discloses no evident miscalculation by the arbitrator. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶4. In January 2012, the City and Precision entered into a construction contract for Precision to replace water and sewage lines in the City. As the project progressed, Precision

2

encountered unexpected site conditions, including unstable subsoils, environmental issues, and undisclosed old water lines that had to be removed. Precision also discovered that the City had failed to secure certain easements necessary for the work. The City's engineer initially encouraged Precision to devise solutions to these problems and to submit change orders based on these issues. However, the City later refused to make payments or take any other action responsive to the change orders; the City simply "held" the change orders. These issues caused significant delays, eventually brought the project to a standstill, and ultimately forced Precision to terminate the contract. Precision alleges that the City's handling of these issues breached the parties' contract in a number of respects.

¶5. On March 6, 2013, Precision served the City with a demand for arbitration pursuant to the parties' contract and Mississippi Code Annotated sections 11-15-101 and following, but the City did not respond. Precision then filed a complaint in the Forrest County Circuit Court on March 29, 2013. Precision alleged that the City had breached the parties' contract and sought an order compelling arbitration pursuant to the contract and the same provisions of the Mississippi Code.

¶6. The City answered the complaint and alleged that the parties' contract did not require arbitration,[1] but the circuit granted Precision's motion to compel arbitration, and the City did not appeal. The parties later submitted, and the court entered, an agreed order appointing Donald Dornan as the arbitrator. The parties also signed an arbitration agreement, which provided for the payment of the arbitrator's fees and stipulated "that the arbitration [would]

---

[1] The arbitration provision of the parties' contract begins: "Either the [City] or [Precision], if the other agrees, may request arbitration . . . ."

3

be governed by rules set forth in the Mississippi Construction Arbitration Act," codified in Mississippi Code Annotated sections 11-15-101 to -143 (Rev. 2004).

¶7. The arbitration hearing was held on June 3 and 4, 2014. The parties apparently agreed that there would be no transcript or other record of the hearing.

¶8. On June 25, 2014, the parties reconvened for the arbitrator to announce his decision, which a court reporter transcribed. The arbitrator detailed each of the breaches of contract alleged by Precision and the City's defenses. In summary, he found that the City breached the contract in numerous respects and that Precision was entitled to recover damages of $843,929.55. The arbitrator noted that although the City had offered defenses to Precision's claims, the City's engineer "acknowledged in his testimony that [Precision] did perform the work and [was] entitled to be compensated for a number of the items that [were] in dispute in this case." The arbitrator also found that the City's engineer's testimony on other issues was not credible. In addition, the arbitrator ruled that Precision should be awarded attorneys' fees pursuant to Mississippi Code Annotated section 11-15-119(4). He granted Precision one week to file a fee petition and the City a week thereafter to respond. The arbitrator issued a written award on July 2, 2014, that briefly summarized his oral ruling.

¶9. On July 24, 2014—after Precision filed its petition for attorneys' fees and the City responded—the arbitrator issued a supplemental decision awarding Precision attorneys' fees of $76,257.65 and requiring the City to pay $7,032.74 in arbitration fees.

¶10. On August 7, 2014, Precision filed a motion to confirm the arbitration award in the circuit court. On August 12, 2014, the City—which had retained new counsel following the

4

arbitrator's initial decision—filed a motion for reconsideration with the arbitrator. In this motion, the City alleged multiple errors in the arbitrator's damages calculations. Precision also argued that the arbitrator's award of attorneys' fees was based in part on unreasonable or duplicative time entries.

¶11. On August 29, the arbitrator denied the City's motion to reconsider. The arbitrator ruled that the City's motion was untimely to the extent that it attacked his decision awarding damages for breach of contract because Mississippi Code Annotated section 11-15-123 required that such a motion be submitted within twenty days of the parties' receipt of that decision. Accordingly, the arbitrator declined to consider the merits of the City's arguments challenging his initial decision. The arbitrator also denied—on the merits—the City's request to reconsider his award of attorneys' fees.

¶12. The City then filed a motion in circuit court to amend, modify, and/or correct the arbitrator's decision. The City's arguments tracked those in the motion for reconsideration previously submitted to the arbitrator. The City sought amendment of the arbitration award pursuant to Mississippi Code Annotated section 11-15-135.

¶13. Precision responded to the City's motion to amend and acknowledged one limited error in the arbitrator's calculation of lost profits related to the installation of thirty-inch pipe. Precision agreed that, based on this error, the arbitrator's award should be reduced by $63,250.74. However, Precision argued that the City failed to establish any other basis for amending or modifying the award pursuant to section 11-15-135.

¶14. Following a hearing, the circuit court granted the City's motion to modify and correct

5

the award only with respect to the $63,520.74 error that Precision had conceded. The court found no other evident miscalculation in the arbitrator's award and thus confirmed the award as modified. The circuit court subsequently entered judgment on the award in favor of Precision and against the City in the amount of $856,666.46 plus eight percent post-judgment interest. The City filed a timely appeal from the circuit court's judgment.

**DISCUSSION**

¶15. The City argues that the arbitrator erred by denying as untimely its motion for reconsideration. The City also argues that the arbitration award should be amended because the arbitrator's award of damages is based in part on evident and material miscalculations. The City waived the first argument by failing to present it to the circuit court. The City's remaining arguments fail to demonstrate any evident miscalculation by the arbitrator and, thus, provide no basis to modify the arbitrator's award. Accordingly, we affirm.

### I. Motion to Reconsider

¶16. Mississippi Code Annotated section 11-15-123 provides that a party may request reconsideration of an arbitration award if the request is submitted to the arbitrator "within twenty (20) days of the receipt of the award." In this case, the City requested reconsideration more than twenty days after the arbitrator's written award awarding damages for breach of contract—but less than twenty days after the arbitrator's supplemental award of attorneys' fees. The arbitrator ruled that the City's motion was untimely insofar as it challenged his award of damages—and timely only to the extent that it challenged his supplemental award of attorneys' fees. The City argues that the arbitrator erred by refusing to consider all issues

6

raised in its motion for reconsideration. The City contends that the initial award was interlocutory and that the statutory twenty-day period only commenced when the arbitrator entered a final award.

¶17. However, the City did not mention this issue in any motion or response that it filed in the circuit court. At the hearing in the circuit court on the City's motion to amend, modify, and/or correct the arbitration award, counsel for the City did mention the issue briefly in passing, but he immediately indicated that he was *not* asking the circuit court to address the point. Counsel stated, "[T]hat will be an issue for another court on another day." On appeal, the City elaborates: "Because this issue may be one of first impression, the City deemed it a matter which the trial court could not or would not address . . . . If it were an issue of first impression, it would appear to be one best resolved by the court in this appeal." In its reply brief, the City suggests that it preserved the issue for appeal by "discuss[ing] this matter in the hearing before the trial court."

¶18. The City has waived the issue. "It is a long-established rule in this state that a question not raised in the trial court will not be considered on appeal." *Adams v. Bd. of Sup'rs of Union Cty.*, 177 Miss. 403, 170 So. 684, 685 (1936). Moreover, it is not sufficient to simply mention or "discuss" an issue at a hearing. The rule is that a "trial judge cannot be put in error on a matter which was never *presented to him for decision*." *Methodist Hosps. of Memphis v. Guardianship of Marsh*, 518 So. 2d 1227, 1228 (Miss. 1988) (emphasis added). The rule applies equally to an "issue of first impression." A trial court does not lack authority to interpret a statute simply because an appellate court has not done so previously.

7

The City never presented this issue to the circuit judge for decision—it never asked the judge to vacate the arbitration award or grant any other relief based on the arbitrator's refusal to reconsider issues related to damages. Accordingly, the City waived the issue, and we do not address it.

## II.      Evident Miscalculations

¶19.      "[T]he scope of judicial review of arbitration awards [is] quite narrow." *Craig v. Barber*, 524 So. 2d 974, 977 (Miss. 1988). "[E]very reasonable presumption will be indulged in favor of the validity of arbitration proceedings." *Id.* (quoting *Hutto v. Jordan*, 204 Miss. 30, 42, 36 So. 2d 809, 812 (1948)). Once an arbitration award is entered, we will not "inquire into the original merits in favor of one party or the other." *Id.* (quoting *Hutto*, 204 Miss. at 41, 36 So. 2d at 811); *see also D'Angelo v. Hometown Concepts Inc.*, 791 So. 2d 270, 273 (¶11) (Miss. Ct. App. 2001) ("It is not appropriate for this Court to inquire into the evidentiary basis of the award . . . ."). Therefore, we will not entertain arguments that, based on the evidence presented, "the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust." *Craig*, 524 So. 2d at 977 (quoting *Hutto*, 204 Miss. at 41, 36 So. 2d at 811). The award *must* be confirmed unless a party establishes "at least one of the [statutory] grounds listed for vacating, modifying, or correcting an award." *Johnson Land Co. v. C.E. Frazier Constr. Co.*, 925 So. 2d 80, 83-84 (¶¶6-7) (Miss. 2006); *accord Robinson v. Henne*, 115 So. 3d 797, 799 (¶6) (Miss. 2013).

¶20.      The City argues that the award in this case should be modified or corrected pursuant

to Mississippi Code Annotated section 11-15-135(1)(a), which authorizes a court to modify or correct "an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award." Specifically, the City argues that the arbitrator made evident miscalculations in awarding damages for (1) Precision's "mobilizations" and (2) Precision's lost profits for unused 30-inch PVC pipe. However, for the reasons explained below, neither contention has merit.

¶21. We note at the outset that the term "'evident miscalculation' has not been defined by either the Mississippi Legislature or by Mississippi case law." *D'Angelo*, 791 So. 2d at 272 (¶9). The Fourth Circuit observed that "courts have held generally that even a mistake of fact or misinterpretation of law by an arbitrator" does not amount to an "evident miscalculation." *Apex Plumbing Supply Inc. v. U.S. Supply Co.*, 142 F.3d 188, 194 (4th Cir. 1998). These courts have reasoned that an "evident miscalculation" is a "mathematical error" apparent "*on the face of the award*." *Id.* (emphasis added); *accord, e.g.*, *Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008); *AIG Baker Sterling Heights LLC v. Am. Multi-Cinema Inc.*, 508 F.3d 995, 1000-01 (11th Cir. 2007). In contrast, "[t]he Fifth Circuit has held that 'an evident material miscalculation occurs where *the record that was before the arbitrator* demonstrates an unambiguous and undisputed mistake of fact and *the record* demonstrates strong reliance on that mistake by the arbitrator in making his award.'" *U-Save Auto Rental of Am. Inc. v. Barton*, No. 3:15-CV-348-DPJ-FKB, 2016 WL 595545, at *5 (S.D. Miss. Feb. 12, 2016) (emphasis added; quotation marks, brackets omitted) (quoting *Woods v. P.A.M. Transp. Inc.-L.U.*, 440 F. App'x 265, 269-70 (5th Cir. 2011));

9

*accord D'Angelo*, 791 So. 2d at 272-73 (¶11). In the present case, Precision cannot establish an "evident miscalculation" under either standard.

¶22. With regard to "mobilizations," the arbitrator found—based on "undisputed" evidence—that various delays for which the City was responsible "caused [Precision] to have to demobilize and remobilize five times to meet the changing work conditions." The arbitrator awarded Precision $31,000 per mobilization ($155,000 total), stating that "[i]t was pretty much undisputed that [Precision] was entitled to be compensated for that." Indeed, the arbitrator had "no indication in [his] notes of any challenge to that amount." The City now asserts that the arbitrator's award was overstated by $93,000 because the City had already paid Precision for three mobilizations that were anticipated and included in the parties' contract.

¶23. The City's argument fails for at least two reasons. First, there is no record of the arbitration hearing, so we cannot know whether the documents on which the City now relies were even presented at the hearing. The arbitrator's decision indicates that no such argument was made. The concept of an "evident miscalculation" presupposes that the parties presented the arbitrator with evidence from which a "correct" calculation could have been made. If his calculations were consistent with the evidence and argument presented, then there is no miscalculation. Because there is no record of the hearing, it is impossible for us to say that the arbitrator made an "evident miscalculation." *See Godeau v. Picheloup Constr. Co.*, 567 So. 2d 697, 700 (La. Ct. App. 1990).

¶24. Second, the arbitrator's decision reasonably can be interpreted as finding that

10

Precision had to demobilize and remobilize five times *as a result of delays caused by the City*—i.e., five times in addition to the three times covered by the parties' contract. At one point in his decision, the arbitrator stated that he was awarding compensation for "extra mobilizations." Precision maintains that this is what the evidence showed at the arbitration hearing, although Precision readily concedes that the record before this Court is insufficient to show whether there were five or eight mobilizations. Precision's explanation of the arbitrator's ruling is plausible. In any event, given the indeterminacy of the record and the ambiguity in the arbitrator's opinion, Precision fails to establish "an *evident* miscalculation of figures." Miss. Code Ann. § 11-15-135(1)(a) (emphasis added).

¶25. The City's claim that the arbitrator miscalculated Precision's lost profits on unused 30-inch PVC pipe also fails. The arbitrator's decision cited testimony concerning Precision's lost profits on "a profit-per-foot [of pipe] basis." The arbitrator stated that this evidence "was largely unopposed," and he found "as a fact" that lost profits of $461,792.52[2] were "reasonable and caused by the breaches of the contract by the [City]." The City now asserts that this award was an evident miscalculation because the arbitrator failed to deduct the cost of the pipe, which the City claims it had "previously paid to Precision," and because the arbitrator failed to deduct for various items such as "overhead" and "inflation."

¶26. The City's argument relies on a series of alleged facts, assumptions, prices, and calculations that are not "evident" from the arbitrator's decision or anything else in the

---

[2] As noted above, in the circuit court, Precision conceded one error in the arbitrator's calculation of lost profits. As a result, the circuit court reduced the award by $63,520.74.

record.[3] This argument thus fails for the same basic reasons discussed above in connection with the issue of "mobilizations." Aside from setting out calculations that are not clearly supported by the record, the City simply argues that the arbitrator's award of lost profits "is asinine and unrealistic," "absurd," and "defies reasonableness and credulity." However, as stated above, we do not "inquire into the evidentiary basis of the award." *D'Angelo*, 791 So. 2d at 273 (¶11). Indeed, even if we "found the total size [of the award] either shocking or unsupported by the record," that alone would not be a ground for vacating or modifying it. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010). Accordingly, the circuit court correctly ruled that the City failed to establish any "evident miscalculation of figures." Miss. Code Ann. § 11-15-135(1)(a).

## CONCLUSION

¶27. "[T]he [Mississippi Supreme] Court traditionally has viewed arbitration agreements as tantamount to a settlement between the parties where the arbitration agreement would be the '. . . exclusive source of rights and liabilities of the parties.'" *Robinson v. Henne*, 115 So. 3d 797, 802 (¶15) (Miss. 2013) (quoting *Hutto*, 204 Miss. at 42, 36 So. 2d at 812). "[A]rbitration is a substitute for, rather than a mere prelude to, litigation." *Johnson Land Co.*, 925 So. 2d at 86 (¶18). Therefore, judicial review of arbitration award is narrowly limited, and a motion to vacate, modify, or correct an arbitration award is not an opportunity to relitigate issues decided in the arbitration. *See id.* This is especially true when the parties agree that there will be no transcript or other record of the arbitration proceedings. On the

---

[3] The City also relies on inapposite caselaw. However, it is sufficient to say that the record before us would not support the City's arguments even if they were legally correct.

limited record before us, the City cannot identify any evident miscalculation of figures or any other basis for vacating or modifying the arbitrator's award. Accordingly, we affirm.

**¶28. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND GREENLEE, JJ., CONCUR. FAIR AND JAMES, JJ., NOT PARTICIPATING.**