GRIFFIS, P.J.,
for the Court:
¶ 1. Wells Fargo Advisors, LLC appeals the circuit court’s denial of its motion to confirm an arbitration award and for entry of a judgment against Hubert Runnels, Jr. Wells Fargo argues that the circuit court erred in the denial of the motion because Runnels’s effort to vacate the arbitration award was time-barred and Runnels failed to set forth sufficient grounds to vacate *139 the arbitration award. Finding error, we reverse the circuit court’s judgment and render judgment in favor of Wells Fargo against Runnels.
FACTS
¶ 2. On May 10, 2007, Runnels began his employment with Wachovia Securities, LLC, in Ocean Springs. During his employment, through mergers, Wachovia became Wells Fargo.
¶ 3. At the beginning of his employment, Runnels signed a promissory note payable to Wachovia Securities, LLC, as well as its affiliates, successors, or assigns. The note provided that Runnels would repay any outstanding principal balance, including interest and all costs of collection (including attorney’s fees and related costs and expenses) if his employment ended for any reason or no reason at all. The note also provided that any action instituted as a result of any controversy arising from the note was to be brought before the National Association of Securities Dealers (“NASD”).[1] In addition, Runnels executed a Uniform Application for Securities Industry Registration or Transfer (“Form U4”), which provided:
I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.
(SRO is an acronym for self-regulatory organization. Based on the Form U4, Runnels was registered with the NASD as the SRO.) Runnels also executed a Pre-Dispute Arbitration Clause where he acknowledged that he understood that he was agreeing to arbitrate any dispute, claim, or controversy that may arise between him and his firm that is required to be arbitrated under the rules of the SRO with which he was registering, including the NASD and NYSE (now FINRA).
¶ 4. Runnels resigned from Wells Fargo on March 9, 2009. As of that date, Runnels was obligated to pay the outstanding principal balance of $39,150. Runnels failed and refused to pay the amount owed.
¶ 5. On August 19, 2009, Wells Fargo filed its statement of claim in arbitration with FINRA. Runnels answered the statement of claim and participated in the arbitration, without objection. On July 28, 2010, the arbitrator issued an award in favor of Wells Fargo. The arbitrator determined that Runnels was to pay $39,150 in principal, plus interest, at the annual percentage rate of 5.25% that has accrued from March 6, 2009, until July 19, 2010, and $4,927.50 in attorney’s fees.
¶ 6. On July 13, 2011, Wells Fargo filed its motion to confirm the arbitration award and for entry of a judgment in the Circuit Court of Hinds County, Mississippi. On September 29, 2011, through counsel, Runnels filed his response in opposition to the motion. The circuit judge heard oral argument from counsel on December 12, 2011. On March 14, 2012, the circuit court entered the following order:
*140 This cause came on for hearing before this Court on the Plaintiffs Motion to Confirm Arbitration Award and for Entry of Judgment. The Court, having reviewed the pleadings and other submission, • having heard the argument of the parties, and being otherwise advised in the premises herein, finds that the Motion to Confirm Arbitration Award and for Entry of Judgment is not well taken and should be denied.
It is therefore ordered and adjudged that the Plaintiffs Motion to Confirm Arbitration Award and for Entry of Judgment is denied.
The circuit judge neither made an oral ruling from the bench nor issued a written opinion. It is from this judgment that Wells Fargo now appeals.
STANDARD OF REVIEW
¶ 7. Runnels argues that this Court should review this case for an abuse of discretion. He argues that the Federal Arbitration Act “imposes a heavy presumption in favor of confirming arbitration awards,” and so “a court’s confirmation of an arbitration award is usually routine or summary.” Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288-89 (11th Cir.2002). However, federal law provides that a court may vacate an arbitration award “where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.” 9 U.S.C. § 10(a)(4) (2006). According to the United States Supreme Court, this is one of the “exclusive grounds for expedited vacatur and modification” of an arbitration award. Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 584, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Runnels argues that the circuit judge determined that based on the unique facts of this case the award could not be confirmed, and this determination is subject to review for an abuse of discretion. Wilson v. Greyhound Bus Lines, Inc., 830 So.2d 1151, 1156 (¶ 15) (Miss.2002).
¶ 8. Wells Fargo argues that the standard of review here is a mixed standard based on whether the issue involves a question of law or question of fact. We review errors of law de novo. Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996). Further, we apply “a de novo standard of review to the statute of limitations.” Lincoln Electric Co. v. McLemore, 54 So.3d 833, 835 (¶ 10) (Miss.2010). We review issues of fact for abuse of discretion. Wilson, 830 So.2d at 1155 (¶ 9). This Court will not disturb the circuit judge’s findings “unless they are manifestly wrong [or] clearly erroneous[,] or an erroneous legal standard was applied.” Id. To determine whether an arbitration award should be confirmed, “it is not legitimate ... [for the court] to inquire into the original merits in favor of one party or the other, or to show that in the evidence the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust.” Id. at 1156 (¶ 11). “The scope of judicial review ... is quite narrow, and every reasonable presumption will be indulged in favor of the validity of arbfeation proceedings.” Id. at 1155 (¶ 9) (citations omitted).
ANALYSIS
¶ 9. Wells Fargo’s motion invoked the jurisdiction of the circuit court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“FAA”), and the Mississippi Arbitration Act, Miss.Code Ann. § 11-15-1 et seq. (“MAA”). Wells Fargo asked the circuit court to confirm the arbitration award and to enter a judgment against Runnels based on the award. In his re *141 sponse in opposition to the motion, Runnels made three objections: (1) the contract could not be rewritten and was therefore void; (2) the arbitration was void ab initio and therefore could not be confirmed, and (3) Wells Fargo did not have standing in the circuit court.
¶ 10. The circuit judge, without explanation, only denied Wells Fargo’s motion. The pleadings established that the circuit judge was given a decision to either: (a) confirm the arbitration award and enter a judgment (Wells Fargo wins), or (b) vacate the arbitration award (Runnels wins). Instead, the circuit judge only denied the motion to confirm; he did not vacate the arbitration award.
¶ 11. Therefore, it seems as if the circuit court did not enter a final judgment, and there may be a question as to whether this Court has jurisdiction to hear the appeal. Under Mississippi Rule of Civil Procedure 54(b), a judgment that affects “one or more but fewer than all of the claims” is not final unless the circuit judge expressly determines “there is no just reason for delay” and explicitly directs “the entry of the judgment.” Such is not the case here. Because of our finding under section 1 below, that Runnels is time-barred from contesting the confirmation of the award, we recognize that the circuit court’s judgment was a final judgment, and we have jurisdiction to consider this appeal.

1. Runnels was time-barred from contesting the confirmation of the award, and it was error not to grant the motion to confirm.

¶ 12. Wells Fargo argues that Runnels failed to challenge the enforceability of the award by filing a motion to vacate in a timely manner, and thus his claim is barred. Said differently, Runnels’s response in opposition to the motion to confirm the arbitration award and for entry of a judgment was time-barred under both the FAA and the MAA.
¶ 13. The MAA and FAA include a limitations period. Mississippi Code Annotated section 11-15-21 (Rev.2004) provides:
Upon presentation of the articles of submission and the award to the court designated in the submission or the court having jurisdiction of the subject matter of the award, the court shall, upon motion, confirm the award, unless the same be vacated or modified, or a decision thereon be postponed, as hereinafter provided. An award shall not be confirmed unless notice in writing of such motion shall have been served on the adverse party at least five days before the hearing, to be served as other process; but such motion shall not be made after the expiration of one year from the making and publication of the award.
The FAA also provides that a party to an arbitration may, within one year of the date of the arbitration award, apply for an order confirming the arbitration award, and the court must issue an order confirming the award unless it is vacated, modified, or corrected based on one of the statutorily enumerated grounds. 9 U.S.C. § 9 (2006).
¶ 14. The MAA and FAA also specify when a action to vacate an arbitration award must be filed. Mississippi Code Annotated section 11-15-27 (Rev.2004) provides:
An application to vacate or modify an award shall be made to the court at the term next after the making and publication of the award, upon at least five days’ notice, in writing, being given to the adverse party, if there be time for that purpose; and if there be not time, such court, or the judge thereof, may, upon good cause shown, order a stay of *142 proceedings upon the award, either absolutely or upon such terms as shall appear just, until the next succeeding term of court.
The FAA requires that the motion to vacate, modify, or correct be filed within three months from the date the award was issued or delivered, and “[n]otice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.” 9 U.S.C. § 12 (2006).
¶ 15. In Rigby v. Roadway Express, Inc., 680 F.2d 342, 343-44 (5th Cir.1982), the Fifth Circuit found that to vacate an arbitration award beyond the time limitations set forth in the MAA was barred by Mississippi Code Annotated section 11—15—27.
¶ 16. Here, the arbitration award was made and filed on July 28, 2010, and was published on July 29, 2010. Runnels filed an opposition to this award on September 29, 2011. Wells Fargo argues that because Runnels sought to have the arbitration award vacated in his response in opposition to its motion to confirm the arbitration award and for entry of a judgment, then Runnels’s response in opposition is considered a motion to vacate for purposes of the statutory limitations period. Thus, under the FAA, Runnels had until October 28, 2010, to seek to have the award vacated, modified, or corrected. Under the MAA, Runnels had until the term next, which ran from November 2010 to January 2011. Because he failed to bring an action to vacate the award during the limitations period, Runnels’s claim is time-barred and he may not object to Wells Fargo’s motion to confirm the arbitration award and for entry of a judgment.
¶ 17. Wells Fargo is correct as a matter of law. Runnels’s failure to file an action to vacate the arbitration award in a timely manner bars his opposition to Wells Fargo’s motion to confirm the arbitration award and for entry of a judgment. As to this issue, we find the circuit judge committed reversible error, and we render judgment in favor of Wells Fargo.

2. Runnels failed to set forth sufficient grounds to vacate the arbitration award, and Wells Fargo was entitled to have the award confirmed.

¶ 18. Wells Fargo next argues that the confirmation of the arbitration award was mandatory under both the FAA and the MAA, unless Runnels could prove the statutory grounds necessary to vacate the award. Thus, Wells Fargo claims that the circuit court was in error to deny the motion to confirm the arbitration award and for entry of a judgment.

A. Confirmation of an arbitration award is mandatory unless the award is vacated.

¶ 19. The FAA and MAA require the court to confirm an arbitration award unless the award is vacated, modified, or corrected. 9 U.S.C. § 9; Miss.Code Ann. § 11-15-21. The supreme court has held that “an arbitration award may be overturned by the reviewing trial court only if the elements of the applicable statute are present.” Wilson, 830 So.2d at 1157 (¶ 16). In Wilson, the court ruled that because the record contained no evidence that would cause the award to be vacated, according to [Mississippi Code Annotated section] ll-15-23(a)-(d) [ (Rev.2004) ], the award would not be set aside. Wilson, 830 So.2d at 1157 (¶ 16).
¶ 20. Under the FAA, a court may vacate an arbitration award:
(1) where the award was procured by corruption, fraud, or undue means;
*143 (2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.
9 U.S.C. § 10(a) (2006). Under the MAA, a court may vacate under an arbitration award under certain instances:
(a) That such award was procured by corruption, fraud, or undue means;
(b) That there was evident partiality or corruption on the part of the arbitrators, or any one of them;
(c) That the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy, or other misbehavior by which the rights of the party shall have been prejudiced;
(d) That the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made.
Miss.Code Ann. § 11-15-23.
¶ 21. Wells Fargo argues that the award must be confirmed, because it was not vacated, modified, or corrected. Indeed, were it not for our decision in section 1 finding that the period for seeking vacation of the arbitration award had expired, we may have determined that the circuit court’s decision was not a final judgment, which would have deprived this Court of jurisdiction. Such is not the case.
¶ 22. We agree with Wells Fargo. First, the limitations period expired before Runnels sought any relief from the arbitration award. Second, the arbitration award did not fall under any of the four instances that would have allowed the award to be vacated. 9 U.S.C. § 10(a); Miss.Code Ann. § 11-15-23. The arbitration award was not procured by corruption, fraud, or undue means; there was no evident partiality or corruption on the part of the arbitrators; there was no refusal to postpone the hearing upon sufficient cause, and no misbehavior by which the parties’ rights were prejudiced; and the arbitrators did not exceed nor execute their powers in a matter in which an award was imperfectly made. 9 U.S.C. § 10(a); Miss. Code Ann. § 11-15-23.
¶ 23. The supreme court has ruled that the trial court “is not allowed to substitute its own judgment on the merits of the controversy for that of the arbitrator but is instead constrained to determine whether the award fails [an] analysis under [section] 11-15-23.” Margerum v. Bud’s Mobile Homes, Inc., 823 So.2d 1167, 1173 (¶ 17) (Miss.2002). Accordingly, we find it was reversible error for the circuit judge to deny the motion to confirm the arbitration award and for entry of a judgment. We hereby render judgment to confirm the arbitration award and enter a final judgment in favor of Wells Fargo for the relief requested.

B. Runnels’s sole basis to vacate the award, which is that he agreed to arbitrate before the NASD and not FIN-RA, is an insufficient ground to vacate the award.

¶ 24. Runnels’s sole basis to vacate the arbitration award is that he agreed in the note to arbitrate before the NASD and not FINRA. Runnels argues *144 that the arbitration was void ab initio, and therefore cannot be confirmed.
¶ 25. Void ab initio means that a contract is null from the beginning if it seriously offends law or public policy, in contrast to a contract that is merely voidable at the election of one of the parties. Hood ex rel. State v. Barbour, 958 So.2d 790, 815 (¶ 87) (Miss.2007). Because of this, it is as if the contract never existed. Id. at 816 (¶ 89).
¶26. Runnels’s response in opposition to Wells Fargo’s motion to confirm the arbitration award claimed that the arbitrator exceeded his powers because the underlying arbitration agreement in the note was void in that it required arbitration before the NASD, not FINRA. Runnels argued that the plain language of the note set the arbitrator as NASD. Thus, because that company no longer exists, Runnels claims that the court must refuse to confirm the arbitration award on the grounds that the arbitration agreement was void ab initio.
¶ 27. After Runnels executed the arbitration agreement, the NASD became FINRA, and NASD Dispute Resolution, Inc. became FINRA Dispute Resolution, Inc. The name change from NASD to FINRA did not create a new entity, but rather, encompassed only a name change. Runnels counters that a new entity was formed, which invalidates the language of the arbitration agreement and renders the arbitration award void, because the arbitrator never had jurisdiction over the matter.
¶ 28. Mississippi Code Annotated section 79-4-10.09 (2000) provides:
An amendment to the articles of incorporation does not affect a cause of action existing against or in favor of the corporation, a proceeding to which the corporation is a party, or the existing rights of persons other than shareholders of the corporation. An amendment changing a corporation’s name does not abate a proceeding brought by or against the corporation in its former name.
We recognize that FINRA is a Delaware corporation. Under Delaware law, a mere name change does not affect the rights and liabilities of a corporation or the people doing business with it. Del. Code Ann. tit. 8, § 245 (2010).
¶ 29. Based on the information before the Court, we find that NASD’s name change to FINRA did not negate the validity of the arbitration agreement. FINRA was the proper arbitrator, and it had jurisdiction. Therefore, Runnels’s argument that the note is void is without merit.

C. Runnels submitted to arbitration with FINRA.

¶ 30. When he began his employment with Wells Fargo (the successor to Wachovia Securities), Runnels executed a valid arbitration agreement when he signed a Form U4. The Form U4 provided:
I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Section 4 (SRO Registration) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.
¶ 31. In addition, Runnels also signed a disclosure regarding the “Pre-Dispute Arbitration Clause” in the Form U4 that acknowledged that he understood he was agreeing to arbitrate any dispute, claim, or controversy that may arise between Runnels and his firm that is required to be arbitrated “under the rules of the self- *145 regulatory organizations with which he is registering.” When he executed the Form U4, Runnels registered with the NASD and the NYSE. In doing so, he received a CRD number. When the NASD became FINRA, Runnels’s CRD number remained the same.
¶ 32. FINRA Rule 13200 (formerly NASD Rule 13200) requires arbitration of any dispute, claim, or controversy arising between an “associated person” and his firm that arises from the business activities of a “member” or associated person. As an associated person of the NASD, Runnels became an associated person of FINRA, and his failure to submit to FIN-RA arbitration would be a violation of FINRA rules.
¶ 33. Although Runnels argues that because the FINRA arbitrator denied the claim for overpayment of commissions, which he asserts would have been subject to the Form U4, and thus, the Form U4 does not apply, we disagree. Runnels’s execution of the Form U4 and registration with the SRO show an understanding and acknowledgment of the possibility of arbitration. Therefore, we find that Runnels was required to submit to arbitration with FINRA based on the above facts.
CONCLUSION
¶ 34. We find that the circuit court committed reversible error when it denied Wells Fargo’s motion to confirm the arbitration award and for entry of a judgment. Accordingly, we reverse the circuit court’s judgment. We also render judgment in favor of Wells Fargo and confirm the arbitration award. Judgment is entered in favor of Wells Fargo and against Runnels in the principal amount of $39,150, plus interest on the principal amount at the annual percentage rate of 5.25% that accrued from March 6, 2009, until July 19, 2010, plus $4,927.50 in attorney’s fees.
¶ 35. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.

. In 1999, the NASD created NASD Dispute Resolution, Inc., a wholly owned subsidiary, to serve as its "arbitration facility.” On July 26, 2007, the NASD and New York Stock Exchange Regulation consolidated their member regulation and enforcement operation, and the NASD changed its name to Financial Industry Regulatory Authority (FINRA). On December 21, 2007, NASD Dispute Resolution, Inc. filed its Amended and Restated Certificate of Incorporation, changing its name to FINRA Dispute Resolution, Inc.