## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01410-COA

CITIBANK, N.A. A/K/A CITICORP TRUST             APPELLANT
BANK, FSB

v.

JUDY STOVALL                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/05/2014 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | REID STEPHENS MANLEY |
| | CHRISTOPHER DANIEL MEYER |
| ATTORNEYS FOR APPELLEE: | WILLIAM JOSEPH KERLEY |
| | TOM P. CALHOUN III |
| | ELIZABETH ANN ROCHE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S MOTION TO COMPEL ARBITRATION |
| DISPOSITION: | AFFIRMED - 01/19/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, J., FOR THE COURT:**

¶1. This case arises from a complaint filed by Judy Stovall against Citibank N.A. asserting various claims regarding her residential mortgage loan and subsequent foreclosure. Citibank filed a motion to compel arbitration in the Winston County Circuit Court, and it was denied. Aggrieved, Citibank appeals. Finding no error, we affirm.

## FACTS

¶2. On or about April 4, 2003, Stovall entered into a disclosure statement, note, and

security agreement (the "note") with Citibank's predecessor, Citicorp Trust Bank FSB, by which she and her late husband obtained a loan for $248,494. Stovall executed the documents on behalf of herself and on behalf of her late husband through a power of attorney, because he was very ill at the time. Stovall executed a deed of trust that secured the loan on land and real property located in Louisville, Mississippi. The note contained an arbitration provision, under which Stovall agreed to arbitrate claims related to the note.

¶3. On April 18, 2013, Stovall filed her complaint in the circuit court against Citibank, which was the substituted trustee to the deed of trust. In her complaint, Stovall stated that her husband passed away in November 2006. She claimed that "thereafter, in 2010 and 2011, [she] became chronically ill and . . . was unable to make complete monthly [loan] payments during [that] time." She made numerous allegations against Citibank that are not relevant to this appeal.

¶4. On August 16, 2013, Stovall served Citibank with her complaint, first set of interrogatories, and first set of requests for production of documents. Citibank served its answer and affirmative defenses, which included arbitration, on September 16, 2013. On September 12, 2013, Stovall's attorney wrote an email to Citibank's attorney in which he asked to take the depositions of two witnesses as soon as possible. In his email, he stated that both witnesses were eyewitnesses, and one was eighty-five years old and suffering from lung problems, and the other was sixty or sixty-one years old and had recently undergone heart surgery. Stovall's attorney stated that "having had a stroke [himself] . . . [he was] very

2

cognizant of how medical conditions can quickly worsen. Given their health conditions, [he] [felt] bound in representing [his] client properly to request" the depositions be taken. Citibank agreed, and the depositions were taken on October 16, 2013.

¶5.     Citibank served its responses to Stovall's written discovery and served its first set of interrogatories and first set of requests for production of documents on November 22, 2013. Stovall responded to Citibank's discovery requests on January 24, 2014. Then, on March 12, 2014, Citibank filed a notice of Stovall's deposition to be taken the following month; however, Citibank canceled it the day before it was scheduled. On May 1, 2014, Citibank filed its motion to compel arbitration and to dismiss. The circuit court denied Citibank's motion, stating that Citibank had waived its right to arbitration by waiting seven and a half months before seeking to compel arbitration while actively participating in depositions and written discovery.

## STANDARD OF REVIEW

¶6.     "The right to compel arbitration is a legal question. Thus, we review the grant or denial of a motion to compel arbitration de novo." *Briovarx LLC v. Transcript Pharmacy Inc.*, 163 So. 3d 311, 315 (¶14) (Miss. Ct. App. 2015) (citing *Sawyers v. Herrin-Gear Chevrolet Co.*, 26 So. 3d 1026, 1034 (¶20) (Miss. 2010)). Mississippi follows the federal policy favoring arbitration, so this Court resolves "any doubts concerning the scope of arbitrable issues in favor of arbitration." *Id*. (quoting *E. Ford Inc. v. Taylor*, 826 So. 2d 709, 713 (¶11) (Miss. 2002)).

**DISCUSSION**

*Whether the circuit court erred in denying Citibank's motion to compel arbitration.*

¶7.     Citibank claims that the circuit court erred in denying its motion to compel arbitration. Citibank argues that its participation in this case was limited to:  (1) filing its answer; (2) agreeing to Stovall's request to take the testimony of the two witnesses in poor health in order to preserve their testimony; (3) responding to Stovall's interrogatories and requests for production of documents; and (4) serving Stovall with interrogatories and requests for production of documents.

¶8.     The Mississippi Supreme Court has held that "arbitration can be waived where a party actively participates in a lawsuit or takes other action inconsistent with the right to arbitration."  *Century 21 Maselle & Assocs. v. Smith*, 965 So. 2d 1031, 1036 (¶8) (Miss. 2007) (quotation omitted).  The supreme court has further stated that "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."  *Univ. Nursing Assocs. v. Phillips*, 842 So. 2d 1270, 1278 (¶28) (Miss. 2003) (citations omitted).  Specifically, "[t]aking advantage of pre-trial litigation such as answers, counterclaims, motions, requests, and discovery obviates the right to arbitration."  *Cox v. Howard, Weil, Labouisse, Friedrichs Inc.*, 619 So. 2d 908, 914 (Miss. 1993).

¶9.     Citibank contends that the circuit court erroneously relied on the case of *MS Credit Center Inc. v. Horton*, 926 So. 2d 167 (Miss. 2006), in making its ruling.  In *Horton*, the

supreme court found waiver where the defendant filed an amended answer, consented to a scheduling order, engaged in written discovery, conducted the defendant's deposition, and waited eight months after being served with the plaintiff's complaint to file a motion seeking the trial court to compel arbitration. *Id*. at 180 (¶¶41-43). The supreme court held the following:

> We decline . . . to set a minimum number of days which will constitute unreasonable delay in every case, but rather we defer such findings for the trial court on a case[-]by[-]case basis. We do hold however that – absent extreme and unusual circumstances – an eight[-]month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitute waiver as a matter of law.

*Id.* at 181 (¶45).

¶10.    Citibank maintains that it merely participated in minimal pretrial activities similar to those in the case of *Phillips*. In that case, the supreme court found that the defendants: (1) did not propound any discovery requests to the plaintiff, (2) objected to plaintiff's discovery requests, and (3) raised arbitration in their answer and asserted the right to arbitration at a hearing for a motion to compel. *Phillips,* 842 So. 2d at 1277 (¶22). We find that there was a distinct difference between the pretrial activities in which Citibank participated and those of the defendants in *Phillips*. Contrary to the defendants in *Phillips*, Citibank filed its answer, participated in the depositions of two witnesses, responded to Stovall's written discovery requests, served Stovall with written discovery requests, and scheduled Stovall's deposition, which was canceled the day before it was scheduled to take place. We agree with

5

the circuit court's use of *Horton* as a factually similar case in its analysis, as opposed to *Phillips*.

¶11. We next evaluate whether Stovall suffered any prejudice. In this context, the supreme court has defined prejudice as "the inherent unfairness – in terms of delay, expense, or damage to a party's legal position – that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id*. at 1278 (¶30). Stovall claims that she "suffered prejudice as a result of providing information to . . . Citibank in discovery, incurring legal expenses, and experiencing procedural delays." We find that Stovall's legal position falls squarely within the meaning of prejudice as defined by the supreme court in this situation.

¶12. Based on the foregoing, we affirm the circuit court's order denying Citibank's motion to compel arbitration and to dismiss.

¶13. **THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING, P.J., FAIR, JAMES AND WILSON, JJ., CONCUR. BARNES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., AND CARLTON, J.**

**BARNES, J., DISSENTING:**

¶14. I respectfully dissent. In my opinion, Stovall did not carry her burden of showing she suffered any prejudice, and the trial court improperly denied Citibank's motion to compel arbitration. The Mississippi Supreme Court has stated that "waiver of arbitration is not a

6

favorable finding, and there is a presumption against it." *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 179 (¶39) (Miss. 2006) (quoting *Russell v. Performance Toyota Inc.*, 826 So. 2d 719, 724 (¶16) (Miss. 2002)). Arbitration can be waived where a party "substantially invokes the judicial process *to the detriment or prejudice of the other party*." *Id.* (emphasis added) (quoting *Univ. Nursing Assocs. PLLC v. Phillips*, 842 So. 2d 1270, 1278 (¶28) (Miss. 2003)). "Prejudice refers to the inherent unfairness – in terms of delay, expense, or damage to a party's legal position – that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue." *Phillips*, 842 So. 2d at 1278 (¶30) (citing *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 327 (5th Cir. 1999)). To demonstrate prejudice, a party opposing arbitration must come forward with "more than generalized protestations." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991). The Mississippi Supreme Court "has found waiver of the right to compel arbitration in only a limited number of cases." *Horton*, 926 So. 2d at 179 (¶40).

¶15. Here, the trial court's order makes no finding of prejudice to Stovall. And, while the majority discusses how Citibank participated in the litigation, it does not offer any explanation or analysis of how Stovall suffered prejudice by these minimal pretrial activities.

¶16. Citibank participated in the litigation by filing an answer (where it raised arbitration as an affirmative defense), accommodating Stovall's request to depose two infirm witnesses in order to perpetuate their testimony, and exchanging some limited discovery. In my view, these actions do not constitute substantial participation in the litigation, nor could they

7

possibly prejudice Stovall. The only proceedings Citibank invoked were propounding written discovery to Stovall on November 22, 2013, after Stovall served hers, and noticing Stovall's deposition on March 12, 2014. Citibank did not actually conduct any depositions.

¶17. Further, Stovall offers no evidence of prejudice regarding the timing of Citibank's motion to compel arbitration. Citibank filed its answer on September 17, 2013, and filed its motion to compel arbitration on May 1, 2014, seven and one-half months later. A delay of thirteen months in seeking arbitration has been held insufficient to constitute a waiver, but a delay of seventeen months has been found sufficient. *Phillips*, 842 So. 2d at 1278 (¶27) (citing *Walker*, 938 F.2d at 578; *Price v. Drexel Burnham Lambert Inc.*, 791 F.2d 1156, 1160-62 (5th Cir. 1986)). Here, the period between initiation of litigation and the motion to compel arbitration would not be sufficient to constitute prejudicial delay for waiver analysis. The record also shows no indication of incurred legal expenses, or damage to Stovall's legal position. If anything, Citibank's participation in the two depositions for Stovall's two infirm witnesses aided her legal position. Stovall offers no evidence of prejudice, and I can find none in the record.

¶18. Because Stovall provided insufficient evidence of delay, additional expense, or damage to her legal position, which would indicate prejudice, I respectfully dissent. I would reverse the trial court's denial of Citibank's motion to compel arbitration.

**GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.**

8