# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-01571-COA

**BARBARA ANN COOMBS AND HER DAUGHTER, A.D., A MINOR BY AND THROUGH HER MOTHER AND NEXT FRIEND, BARBARA ANN COOMBS**                                      **APPELLANTS**

**v.**

**JASON PILGER HYUNDAI OF GAUTIER, MISSISSIPPI AND RANDY WORKMAN**                                      **APPELLEES**

DATE OF JUDGMENT:              10/23/2018
TRIAL JUDGE:                  HON. ROBERT P. KREBS
COURT FROM WHICH APPEALED:    JACKSON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:      ELMER LOUIS FONDREN JR.
ATTORNEY FOR APPELLEES:       DAVID BENNETT PILGE
NATURE OF THE CASE:           CIVIL - INSURANCE
DISPOSITION:                  AFFIRMED - 12/10/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE J. WILSON, P.J., McDONALD AND McCARTY, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     Barbara Coombs and her minor daughter filed suit against Jason Pilger Hyundai and Randy Workman[1] for damages arising out of a motor vehicle accident.  Barbara claimed that when she leased/purchased a vehicle from Pilger Hyundai, Workman and other employees misled her into purchasing new insurance coverage that did not include uninsured motorist coverage.  When she and her daughter had an accident with an uninsured motorist and her new insurer denied their claim for lack of coverage, they sued Pilger Hyundai, Randy

---

[1] Others were sued, but only these two defendants remain on appeal.

Workman, and others for damages. Because Barbara had signed an arbitration agreement with the dealership, the County Court of Jackson County ordered arbitration, and the arbitrator ruled in favor of Pilger Hyundai and Workman. Barbara and her daughter appealed the arbitrator's decision to the county court and then to the Jackson County Circuit Court. Both courts upheld the arbitration award. Barbara and her daughter have now appealed the circuit court's judgment denying their request to vacate the arbitration award. We affirm because Barbara and her daughter failed to timely appeal the order compelling arbitration and waived the right to challenge it on appeal after participating in the arbitration proceeding. Also, Barbara and her daughter failed to establish any statutory ground for vacating the arbitrator's decision.

## FACTS AND PROCEDURAL HISTORY

*I.    The Vehicle Purchase*

¶2.    Barbara leased/purchased a vehicle from Pilger Hyundai on June 11, 2013. Workman sold Barbara the car and Ryan McMahon, another Pilger Hyundai employee, was introduced to her as the "insurance man who would get her the full coverage insurance she wanted at a lower price." Barbara already had full coverage, including uninsured motorist coverage, with another company, but McMahon convinced her to switch. McMahon completed a Government Employees Insurance Company (GEICO) automobile insurance application for Barbara online in her presence, although she said that she was unable to see the computer monitor. Barbara claims that McMahon entered a rejection of uninsured motorist coverage on the computer but wrongfully concealed this fraudulent act from her. Barbara believed she

2

was purchasing full coverage insurance, which included uninsured motorist coverage, although she admitted that she signed the above-mentioned form without reading it. Later, when Barbara received a copy of the GEICO policy in the mail, Barbara also failed to read it.

¶3.    In connection with her purchase, Barbara signed a "Dispute Resolution Agreement for Binding Arbitration." Among its provisions, the agreement states that "any controversy or claim between the Buyer(s)/Lessee(s) and Jason Pilger Hyundai arising out of or relating to . . . (5) any and all related finance, insurance, extended warranty and/or service agreements. . . or any breach thereof shall be resolved by binding arbitration . . . ."

*II.    The Accident*

¶4.    On November 16, 2013, Barbara and her fourteen year old daughter, A.D.,[2] were involved in an automobile accident in which they were struck by Kenyon Sumlin, an uninsured motorist. After the accident, both sought medical treatment, and Barbara filed uninsured motorist claims with GEICO for herself and her daughter. GEICO denied the claims because Barbara's insurance policy did not include uninsured motorist coverage.

*III.    County Court Action*

¶5.    On March 3, 2015, Coombs filed an action in the Jackson County County Court against Sumlin and GEICO. GEICO was dismissed when Coombs learned that McMahon was not a GEICO agent but simply an employee of Pilger Hyundai. On August 13, 2015,

---

[2] For privacy reasons, the minor child will be referenced by initials only. Going forward, both will be referred to collectively using the singular surname "Coombs" but separated when necessary.

3

Coombs filed an amended complaint against Sumlin, "Ryan,"[3] Workman, and Pilger Hyundai. The amended complaint alleged that Pilger Hyundai and Workman directly and proximately contributed to a fraudulent misrepresentation being made to Barbara—i.e. that she was getting "full insurance coverage"—and that this misrepresentation led her to reasonably believe that her new insurance with GEICO included uninsured motorist coverage.

¶6.     On October 21, 2015, Pilger Hyundai and Workman filed a motion to dismiss or to compel arbitration in the alternative. On November 3, 2015, Coombs filed a response and argued that the arbitration agreement was null and void as to Barbara because it was a one-sided contract of adhesion and because it violated her right to a jury trial. Coombs also argued that the agreement was void as to A.D. because the child was not a party to the arbitration agreement.[4]  On November 17, 2015, the county court entered an order compelling arbitration of all claims.[5]

---

[3] At the time, Coombs did not know Ryan McMahon's last name. Once learned, Coombs moved for a default judgment against McMahon. After a hearing on the motion, on November 22, 2016, the county court granted Coombs a default judgment against McMahon and awarded Barbara and A.D. $5,000 each in compensatory damages and $15,000 in punitive damages. Coombs has not yet collected this judgment.

[4] The grounds for Coombs's objections to arbitration are found in the Response to Motion to Dismiss, which is in the record. According to the county court docket, Coombs filed a supplemental "Motion in Objection to Arbitration," which is not in the record. So we do not know what, if any, additional grounds Coombs raised to challenge the validity of the arbitration agreement. However, not having that information does not affect the outcome of this case.

[5] The record does not include this county court order, but its absence does not affect the outcome of this case.

¶7.    On December 21, 2015, Coombs filed a motion for relief from the order compelling arbitration or, alternatively, for an order requiring Pilger Hyundai and Workman to pay the arbitration fees.[6]  A hearing was held on this motion.  On February 12, 2016, the court affirmed its previous order compelling arbitration and granted Coombs's request for payment of the arbitration fees.  Coombs did not appeal the court's order compelling arbitration but chose to participate in the arbitration.

*IV.    The Arbitration*

¶8.    At the arbitration, Barbara and A.D. testified; Pilger Hyundai and Workman called no witnesses.  According to the arbitration decision rendered on December 22, 2017, Barbara admitted that Pilger Hyundai was an automobile dealership and that none of its employees wore or displayed anything that would indicate a relationship with GEICO.  Barbara also testified that she received her GEICO policy in the mail but did not read it.  The arbitrator found that based on the testimony presented, there was no evidence that supported Coombs's claims that Pilger Hyundai employees had apparent authority to act for GEICO.  Nor did the proof support claims of intentional or negligent misrepresentation.  The arbitrator found "no facts which indicate conduct on behalf of Jason Pilger Hyundai to induce the public to believe it has a relationship with Geico or is an insurance agent of Geico; thus, the question becomes, is Ms. Coombs reasonable in her reliance on Workman's statement that he would get her the same coverage she had with State Farm."  Based upon the testimony presented,

---

[6] Coombs's motion is not in the record, so we cannot determine the basis for the argument against the order compelling arbitration.  However, not having that information does not affect the outcome of this case.

5

the arbitrator decided that it was not reasonable for Barbara to have relied on Workman's statements, and he found for Pilger Hyundai and Workman.

¶9. On February 5, 2018, Coombs filed a motion with the arbitrator asking him to reconsider his decision and correct factual errors. The arbitrator denied Coombs's motion.

*V.      Appeal of the Arbitration Decision to County Court*

¶10. On February 7, 2018, Coombs filed a notice of appeal from the arbitrator's decision in the county court. Coombs argued that the arbitrator made numerous factual mistakes and that because A.D. was not a party to the arbitration contract, the minor's claim should not be decided by an arbitrator.[7] On March 5, 2018, following a hearing on Coombs's motion, the county court entered an order denying the appeal of the arbitrator's decision.

*VI.     Appeal to Circuit Court*

¶11. Aggrieved with the county court's decision, Coombs appealed to the Jackson County Circuit Court on March 9, 2018. In their appeal, Coombs alleged the arbitrator made errors warranting a vacation of the decision under Mississippi Code Annotated sections 11-15-133 and 11-15-135 (Rev. 2004).[8] Further, Coombs argued that the minor was not a signor and was not connected to the arbitration agreement and that the minor's business was subject to

---

[7] Concerning her own claim, Barbara did not challenge the legality of the court's order compelling arbitration.

[8] Coombs cites the wrong statutory sections applicable to this case, none of which has been amended since 1981. Mississippi Code Annotated sections 11-15-133 and 11-15-135 (Rev. 2019) deal with the grounds for vacating or modifying an arbitration award under Mississippi Code Annotated section 11-15-101 (Rev. 2019) (covering controversies arising from construction contracts and related agreements). The statute applicable in this case is Mississippi Code Annotated section 11-15-23 (Rev. 2019) (covering grounds for vacation of arbitration awards).

6

the jurisdiction and approval of the chancery court.[9]

¶12. On October 23, 2018, the circuit court held that Coombs failed to prove any of the grounds for vacation of an award pursuant to Mississippi Code Annotated section 11-15-23, and therefore, it denied Coombs's requested relief. The court made no specific ruling on Coombs's argument that the minor's claim should not have been sent to arbitration. Coombs appealed the circuit court's decision to this Court on October 30, 2018.

## STANDARD OF REVIEW

¶13. The standard by which an appellate court reviews a trial court's order confirming an arbitration award is that questions of law are reviewed de novo and findings of fact are reviewed only for clear error. *D. W. Caldwell Inc. v. W.G. Yates & Sons Constr. Co.*, 242 So. 3d 92, 99 (¶15) (Miss. 2018). The level of review afforded to the decision of an arbitrator is quite narrow and provided by statute. *Robinson v. Henne*, 115 So. 3d 797, 799 (¶6) (Miss. 2013). An arbitration award may be overturned by a reviewing court only if the elements of the applicable statute are present. *Wilson v. Greyhound Bus Lines Inc.*, 830 So. 2d 1151, 1157 (¶16) (Miss. 2002). Normally we review the grant or denial of a motion to compel arbitration de novo. *East Ford Inc. v. Taylor*, 826 So. 2d 709, 713 (¶9) (Miss. 2002).

## DISCUSSION

¶14. On appeal, Coombs raises eleven issues.[10] Issue #1, and Issues ##3-9 allege errors

---

[9] Again Barbara did not challenge the legality of the county court's order that her claim be arbitrated; she only argued the errors allegedly made by the arbitrator.

[10] These include (1) that Coombs and the Appellees had a fiduciary relationship that Appellees violated; (2) that the minor child's claim should not have been ordered to arbitration; (3) that the arbitrator said that Coombs had been awarded a default judgment

7

made by the arbitrator that Coombs contend warrant vacation of the arbitration award. Issue #2 and Issue #11 challenge the county court order compelling arbitration of both Barbara's and A.D.'s claims. We find that Barbara and A.D. failed to timely appeal the order compelling arbitration, and we lack jurisdiction to address it now. Alternatively, Barbara and A.D. waived the right to challenge the validity of an order compelling arbitration after participating in it. We further find that the circuit court did not err in holding that Coombs failed to prove any of the grounds for vacation of the arbitration award pursuant to Mississippi Code Annotated section 11-15-23.

### A.     Coombs's Challenge to the Order Compelling Arbitration

¶15.    Barbara and A.D. argue that the county court should not have compelled the arbitration of their claims. But they failed to appeal the order in a timely fashion and participated in arbitration, thereby robbing this Court of jurisdiction to consider their argument on appeal and waiving their right to challenge the order compelling arbitration after the dispute-resolution process occurred.

---

against Sumlin, when the default judgment had been entered against McMahon; (4) that the arbitrator said that Workman sold the insurance to Barbara when this was done by McMahon; (5) that the arbitrator failed to find that the perpetrator of the fraud was an agent of Pilger Hyundai; (6) that the arbitrator failed to grant the minor child her statutory and Mississippi Constitutional rights (a duplication of Issue 2); (7) that because of the judgment against McMahon, fraud and deception by him was proved by the doctrine of collateral estoppel; (8) that the arbitrator's finding that Barbara could not have believed that automobile dealers would be in the insurance business is contrary to the evidence; (9) that Pilger Hyundai and Workman are the proper parties; (10) that Barbara was given verbal assurances and GEICO insurance information so she should not be expected to examine the policy sent to her; and (11) that Barbara should not have been ordered to arbitrate her individual claim because the fraudulent misrepresentation claim was not in the scope of the arbitration agreement.

8

¶16. The Mississippi Supreme Court has made it clear that an order compelling arbitration that disposes of all the issues before the trial court is a final decision that is immediately appealable. *Sawyers v. Herrin-Gear Chevrolet*, 26 So. 3d 1026, 1034 (¶19) (Miss. 2010). In that case, Sawyers, who had signed an arbitration agreement when she purchased a vehicle, sued the dealership for misrepresentations made to her concerning the coverage of the insurance she purchased through the dealership. *Id*. at 1028-29 (¶¶2-3). Herrin-Gear filed a motion to compel arbitration, which the court granted. *Id.* at 1029-30 (¶¶5, 8). Before participating in arbitration, Sawyers immediately appealed the order to arbitrate. Concerning the appellate court's jurisdiction to consider the matter, the supreme court said:

> The trial court order in today's case compelled arbitration of the entire controversy as to all parties. As such, we find that this Court has appellate jurisdiction over the present matter pursuant to Section 16(a)(3) of the FAA. *See* 9 U.S.C. § 16(a)(3) (2006). To the extent that *Banks* and its progeny are in conflict with today's decision, those cases are overruled.

*Id*. at 1034 (¶19). Since 2010, then, the supreme court has made it clear that a party has the right to a direct appeal of an order compelling arbitration. In numerous cases after *Sawyer*, that procedure has been followed by those who wish to challenge such orders. *See LAGB LLC v. Total Merch. Servs Inc.*, No. 2018-CA-00723-SCT, 2019 WL 4686438, at *2 (¶7) (Miss. Sept. 26, 2019); *Dalon v. MS HUD Ocean Springs LLC*, No. 2018-IA-00594-SCT, 2019 WL 4316160, at *1 (¶4) (Miss. Sept. 12, 2019); *Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1249 (¶11) (Miss. Ct. App. 2018).

¶17. Even though a party has the right to appeal an order compelling arbitration, that right can be waived. In *Paige Electric Co. v. Davis & Feder P.A.*, 231 So. 3d 201 (Miss. Ct. App.

9

2017), the electric company had retained a law firm to collect an outstanding debt. *Id.* at 203 (¶5). The retainer agreement contained an arbitration clause. *Id.* When the electric company later learned that the law firm had allegedly breached their agreement, the electric company sued the law firm. *Id.* at 204 (¶6). Acknowledging that the retainer included the arbitration provision, the electric company agreed to an order compelling arbitration. *Id.* After an unsuccessful outcome in arbitration, the electric company filed a motion to vacate the award and a motion to declare the arbitration clause invalid. *Id.* at (¶8). The circuit court concluded that the electric company had waived any objection to the arbitration clause when it voluntarily consented to arbitration. *Id.* at 205 (¶11). We agreed. We noted that Mississippi had not addressed the precise issue of challenging an arbitration clause post-arbitration; however, other jurisdictions had. *Id.* at (¶12). Quoting one, we said, "[G]iven that arbitration is an optional alternative to judicial resolution of disputes . . . when the parties have agreed to arbitration, the law discourages the loser from seeking a second de novo (or even quasi-de novo) shot at obtaining its desired result." *Id.* (quoting *Unite Here Local 23 v. I. L. Creations of Maryland Inc.*, 148 F. Supp. 3d 12, 18-19 (D.D.C. 2015)). Noting that the electric company had not objected to arbitration until after the arbitration itself, we found no error in the circuit court's finding that the electric company had waived its right to object to the order compelling arbitration. *Id.* at 206 (¶14).

¶18. In the case at hand, even though Barbara and A.D. had challenged the order compelling them to arbitrate their dispute,[11] they failed to appeal that order until now and

___

[11] Although Barbara did not argue to the circuit court that her individual claim should not have been ordered to arbitration, we will consider her arguments as if she had.

10

participated in the arbitration. On November 17, 2015, the county court ordered arbitration. It denied Coombs's motion for relief from that order on February 12, 2016. As a final appealable order, Coombs had thirty days under Rule 4(a) of the Mississippi Rules of Appellate Procedure to appeal the order compelling arbitration. Rule 4(a) provides that "in a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Here, Barbara and A.D. had a right by law to appeal the order compelling arbitration. But instead of doing so, they both participated in the arbitration. Failure to timely appeal leaves the supreme court and this court without jurisdiction to consider the issue. *Pope v. Brock*, 179 So. 3d 1120, 1126 (¶27) (Miss. 2015) (citing *Bank of Edwards v. Cassity Auto Sales Inc.*, 599 So. 2d 579, 582 (Miss. 1992)). "This time requirement is jurisdictional and will be strictly enforced." *Rigdon v. Miss. Farm Bureau Fed'n*, 22 So. 3d 321, 324 (¶5) (Miss. Ct. App. 2009).

¶19. Accordingly, with respect to A.D.'s claim and to the extent that her mother contends the arbitrator's award as to her claim should be vacated because of an invalid order compelling arbitration, we find that their participation in the arbitration constituted a waiver of their rights to challenge the validity of the order compelling it on appeal. To find otherwise, would be patently unfair to their opposing parties. The Mississippi Supreme Court has held that a defendant's participation in litigation waives its right to compel arbitration. *MS Credit Ctr. Inc. v. Horton*, 926 So. 2d 167, 180 (¶41) (Miss. 2006); *Citibank,*

11

*N.A. v. Stovall*, 211 So. 3d 700, 702 (¶10) (Miss. Ct. App. 2016). "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Univ. Nursing Assocs. v. Phillips*, 842 So. 2d 1270, 1278 (¶28) (Miss. 2003). The converse applies as well. If a party who has a right to compel arbitration loses that right by continuing its defense in our court system, then a party with a challenge to arbitration who participates in arbitration cannot argue the enforceability of the arbitration clause thereafter in court. Here Barbara arbitrated both her claim and that of her daughter. Therefore, both must live with the arbitration results unless there are statutory grounds for the relief.[12] However, they cannot revisit the issue of whether arbitration should have been ordered once they participated in the arbitration.

## B. Coombs's Challenge to the Circuit Court Order Affirming the Arbitrator's Award

¶20. Finding that we cannot consider Coombs's challenge of the validity or scope of arbitration agreement post-arbitration, we move on to Coombs's second issue. The circuit court denied Coombs's request to set aside the arbitrator's decision and held that Coombs had failed to prove any of the grounds for vacation of an award pursuant to Mississippi Code Annotated section 11-15-23. We agree.

¶21. As noted earlier, there are two relevant statutes that deal with the grounds that must be shown to vacate an arbitrator's award. One, Mississippi Code Annotated section 11-15-133 deals with the permissible grounds for vacating an arbitration award in controversies

---

[12] This may seem harsh with respect to the claims of the minor. However, Barbara filed suit on behalf of herself and on behalf of the minor and by doing so she had the right to make decisions concerning her child's claim.

arising from construction contracts and related agreements. In the application to set aside an arbitration award in such cases, the challenging party must show that "the award was procured by corruption, fraud or other undue means" or "[t]here was evident partiality by an arbitrator[,] . . . corruption[,] . . . or misconduct prejudicing the rights of any party. . . ." Miss. Code Ann. § 11-15-133(1)(a)-(b). The other statute, Mississippi Code Annotated section 11-15-23, deals with vacating any other type of arbitration award. This statute states that a court may vacate an arbitration award upon any of the following grounds:

(a) That such award was procured by corruption, fraud, or undue means;

(b) That there was evident partiality or corruption on the part of the arbitrators, or any one of them;

(c) That the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent or material to the controversy, or other misbehavior by which the rights of the party shall have been prejudiced;

(d) That the arbitrators exceeded their powers, or that they so imperfectly executed them that a mutual, final, and definite award on the subject matter was not made.

Miss. Code Ann. § 11-15-23. Since this arbitration award is not related to a construction contract, we apply section 11-15-23.

¶22. In *Hutto v. Jordan*, 204 Miss. 30, 36 So. 2d 809 (1948), the Mississippi Supreme Court held that the only grounds for setting aside an arbitration award are prescribed by statute; it said:

Errors of law or fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. Nothing in the award relative to the merits of the controversy as submitted, however wrongly decided, is ground for setting aside an award

13

in the absence of fraud, misconduct or other valid objections ("other valid objections" defined in the opinion by statutes.)

*Id.* at 40-41, 36 So. 2d at 811. The *Hutto* court relied on a treatise and explained that "[u]nless the arbitrators are restricted by the agreement of submission, the general rule is that they are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either." *Id.* at 41, 36 So. 2d at 811. The Court further reiterated that "there is no review or correction of errors of the judgment, either upon the law or facts." *Id*. In reviewing an arbitration award in *Wilson v. Greyhound Bus Lines Inc.*, 830 So. 2d 1151 (Miss. 2002), the supreme court said:

> It is not legitimate, therefore, in exceptions to the award, to inquire into the original merits in favor of one party or the other, or to show that in the evidence the award ought to have been different or that the law of the case was misconceived or misapplied, or that the decision, in view of all the facts and circumstances, was unjust.

*Id.* at 1156 (¶10).

¶23. We have strictly applied the provisions of section 11-15-23 when considering the validity of an arbitration award. In *Wells Fargo Advisors LLC v. Runnels*, 126 So. 3d 137 (Miss. Ct. App. 2013), a trial court denied a motion to confirm an arbitration award and for entry of judgment. On appeal, we reversed and found that the arbitration award did not fall under any of the four grounds that would allow the award to be vacated. *Id*. at 143 (¶22). Additionally, we noted that "the supreme court has ruled that the trial court is not allowed to substitute its own judgment on the merits of the controversy for that of the arbitrator but is instead constrained to determine whether the award fails an analysis under section 11-15-23." *Id.* at 143 (¶23). Thus, simply raising alleged factual errors by the arbitrator does not

14

constitute grounds for vacating his decision.

¶24. Here, Coombs presented no evidence that the arbitration award falls under any of the four grounds that would allow the award to be vacated. Coombs produced no proof that the arbitration award was procured by corruption, fraud, or undue means; there was no proof of partiality or corruption on the part of the arbitrator; there was no refusal to postpone the hearing upon sufficient cause, and no proof of misbehavior by which the parties' rights were prejudiced. There was no showing the arbitrator exceeded or executed his powers in a matter in which an award was imperfectly made. Coombs merely raises alleged errors made by the arbitrator that do not constitute grounds to reverse his decision.

¶25. Accordingly, we find that the circuit court did not err when denying Coombs's motion to set aside the arbitrator's award.

## CONCLUSION

¶26. Because Coombs did not timely appeal the order compelling arbitration and proceeded to participate in it, Coombs waived their right to challenge the order post-arbitration. Further, because Coombs did not prove any statutory ground for vacating the arbitrator's award, we affirm the circuit court's refusal to vacate it.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

15